428 So.2d 947 (1983)
STATE of Louisiana
v.
Cyrus FLEMING. (Two cases)
Nos. 82 KA 0708, 82 KA 0709.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*948 Ossie Brown, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
The defendant, Cyrus Montrell Fleming, was charged by bill of information with one count of felony theft, under La.R.S. 14:67, and by another bill of information with two counts of forgery, under La.R.S. 14:72. The defendant pled guilty to all charges and, after a hearing, was sentenced to five years imprisonment at hard labor for the felony theft conviction and five years imprisonment at hard labor for each of the forgery convictions. The court ordered that all of the sentences be served concurrently. The defendant has appealed these sentences, alleging that they are excessive.
The charge of felony theft was based on the deposit into his bank account by the defendant of a stolen and forged check. He subsequently made withdrawals from this account, totalling over five hundred dollars. The charge of forgery resulted from the presentation of a stolen check, made out to the order of Cyrus Fleming and bearing a forged signature, which was cashed by the defendant. The defendant and the individual he claimed actually constructed the check were arrested in the process of presenting another forged instrument.
The defendant urges that the trial court erred when it imposed an excessive sentence.
The maximum sentence which can be imposed for the crime of theft when the misappropriation or taking amounts of five hundred dollars or more is imprisonment, with or without hard labor, for not more than ten years, or a fine of not more than three thousand dollars, or both. La.R.S. *949 14:67. The maximum sentence which can be imposed for the crime of forgery is a fine of not more than five thousand dollars, or imprisonment with or without hard labor for not more than ten years, or both. La. R.S. 14:72. Therefore, the maximum that the defendant could have received was thirty years and $13,000. However, the penalty actually imposed by the trial judge was only five years, or one-sixth of the total maximum assessable penalty or one-half of the maximum assessable penalty for each charge.
While the trial judge does not have unbridled discretion to impose a sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979), he does have wide discretion in the imposition of sentences and, given compliance with the sentencing criteria of La.C.Cr.Pro. art. 894.1, the sentence will not be set aside in the absence of a manifest abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Washington, 414 So.2d 313 (La.1982).
A sentence will be considered excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981). This determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
Since the defendant could have been sentenced to serve twice the length of time he actually received on each of the charges, the sentence on each charge of five years imprisonment to run concurrently is not grossly disproportionate to the crime nor an abuse of discretion.
We are of the opinion that the trial judge adequately complied with the sentencing guidelines of La.C.Cr.Pro. art. 894.1 in determining the length of the penalty.
In his reasons for sentencing, the trial judge cited that confinement was appropriate because there exists an undue risk that the defendant would commit another crime if not actually incarcerated, as recommended by the division of probation and parole. This opinion was based upon the defendant's extensive juvenile and adult record of forgery and theft.
The judge felt it obvious that the defendant is presently committed to a pattern of behavior which involves the taking of property of others by forgery or theft, and expressed the hope that during the period of incarceration the defendant would adjust his behavior to conform with that expected by the society from which he has received "so many benefits and opportunities to do the right thing...."
At the sentencing hearing, the defendant was given the opportunity to present evidence and other submissions to the court relevant to his sentence. The judge heard further testimony, and put into the record a letter of recommendation from the defendant's employer. The judge expressly stated that he imposed the sentence after having been fully informed of the facts and circumstances surrounding the charges.
The defense urges that the sentencing judge gave no apparent weight to several of the mitigating factors listed in the criteria which were present in the instant case. This case is similar to the recent case of State v. Williams, 412 So.2d 1327 (La.1982), wherein the Supreme Court held that, while the defendant's family and job status, his record of being substantially free of criminal activity for a long period, and the non-violent nature of his forgery offense weighed heavily in favor of probation, a five year hard labor sentence was not an abuse of discretion in view of the defendant's history of arrests. In the instant case it appears that the trial judge found that the defendant's prior record of offenses out-weighed the mitigating factors presented by the defense.
Additionally, even if the trial judge did not adequately consider La.C.Cr.Pro. art. 894.1 guidelines in particularizing the sentence of the defendant, where the sentence imposed is not apparently severe and is in the lower range of the sentencing *950 scale, a remand for compliance with Article 894.1 is not warranted. State v. Jones, 412 So.2d 1051 (La.1982); State v. Bowick, 403 So.2d 673 (La.1981).

DECREE
The defendant's conviction and sentence are affirmed. AFFIRMED.