432 So.2d 334 (1983)
STATE of Louisiana
v.
Maland BENTON.
No. 82 KA 0931.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied July 7, 1983.
*335 Ossie Brown, Dist. Atty. by Robert Hester, Asst. Dist. Atty., for plaintiff-appellee.
Stuart Thomson, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
The defendant, Maland Silvio Benton, was arrested on October 17, 1980. She was charged with the crime of simple burglary of an inhabited dwelling, La.R.S. 14:62.2, on January 5, 1981, by bill of information. On June 18, 1982, on a motion of the prosecutor, the bill was amended to charge defendant with simple burglary, La.R.S. 14:62, presumably pursuant to a plea bargain. On June 25, 1982, defendant pled guilty to that charge after having been advised of the rights given up by such action. She was sentenced to four years imprisonment on September 7, 1982. Defendant appeals, alleging one specification of error: the sentence is excessive.[1]
Defendant argues that the trial judge placed undue emphasis on her arrest record and failed to accord the proper weight to present mitigating circumstances when he sentenced her to four years imprisonment.[2]
Excessiveness of sentence poses a question of law reviewable on appeal; further, the trial court must articulate specific reasons for an apparently severe sentence to the particular offender and the actual offense. State v. Sepulvado, 367 So.2d 762 (La.1979). The guidelines provided in La. Code Crim.P. art. 894.1 furnish the appropriate *336 criteria by which to review whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra. Subsection B of La.Code Crim.P. art. 894.1 requires the sentencing court to consider any mitigating factors. State v. Franks, 373 So.2d 1307 (La.1979), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818. While the trial court need not articulate every aggravating and mitigating circumstance presented in La.Code Crim.P. art. 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Kersey, 406 So.2d 555 (La.1981).
The record before us on appeal reflects the trial judge adequately considered the guidelines set forth in La.Code Crim.P. art. 894.1. The judge noted that the defendant had been in his court several times before. Further, he noted her associations with other persons convicted of crimes. At the sentencing hearing, the judge fully discussed the situation with defendant and her attorney, defendant pointing out to him that she was carrying the child of the man she was living with who was on strict probation at the time. She informed the judge that one of her three children at home had leukemia and that she had spent a lot of time with him; the judge noted that her presentence investigation indicated the child was "cured." The judge then commented on the defendant's prior sentences of probation noting that she did fine while she was on probation but after she got off of probation she went back to her old habits. He felt that her father would still give her some backup as her father had done on previous encounters with the law. He opined that the defendant and her new baby would get good pre and post natal care in prison and, although it would work a hardship on her family to care for her previous three children, he felt she needed confinement for this crime. Accordingly, the trial court imposed a sentence of four years imprisonment.
We find the trial judge, in sentencing the defendant, took into consideration the guidelines and mitigating circumstances set forth in La.Code Crim.P. art. 894.1 and has individualized the sentence to this particular defendant for the particular crime involved. We find no error on the part of the trial judge.

DECREE
For the reasons stated above, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Supreme Court in several cases has found that because sentencing agreements had been entered into by all parties pursuant to plea bargains the defendants were precluded from complaining about the excessiveness of their sentences and the trial courts were absolved of their failure to enumerate the reasons listed in La.Code Crim.P. art. 894.1 for imposing those sentences. See State v. Bell, 412 So.2d 1335 (La.1982); State v. Washington, 406 So.2d 191 (La.1981); State v. Gray, 404 So.2d 1215 (La.1981); State v. Bateman, 404 So.2d 927 (La.1981); State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La. 1981).

This "rule" was criticized by Justice Dennis, concurring in Bell and Gray, and by Justice Lemmon, concurring in Hicks. Both justices felt that a plea bargain/sentence agreement should be only one factor to be considered when reviewing a sentence and not an absolute bar to that review. This view was apparently accepted in State v. Jett, 419 So.2d 844 (La. 1982), where another court composed of three ad hoc justices (all of the above cited cases were decided by mixed courts) reviewed the defendant's sentence even though a sentence agreement had been made. The court found that though the trial judge had not stated for the record his reasons for imposing the sentence, the record otherwise clearly illumined the sentencing choice and demonstrated that the sentence was not excessive, therefore making remand unnecessary. See State v. Martin, 400 So.2d 1063, on rehearing 400 So.2d 1074 (La.1981).
The recent First Circuit case of State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983), acknowledged the Jett decision but still barred the defendant from seeking a sentence review because he had pled guilty pursuant to a plea bargain. It is not clear if the defendant had agreed to the sentence he received; the trial court "apparently discussed" it with the defendant.
From all of this we conclude that the "rule" of Curry and its progeny need not be applied in every case where a defendant and the court agree on the sentence to be imposed; further, the rule should not be applied in cases such as this, where the record indicates that the defendant only pled guilty to a lesser offense and did not agree to a certain sentence.
[2] Defendant could have received twelve years imprisonment at hard labor and a fine of up to two thousand dollars.