434 So.2d 1264 (1983)
STATE of Louisiana
v.
Jonas HANEY.
STATE of Louisiana
v.
Jonas HANEY.
STATE of Louisiana
v.
Jonas HANEY.
Nos. 82KA1095-82KA1097.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Ossie Brown, Dist. Atty. by Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee in Nos. 82K1095-82K1097.
Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant in Nos. 82K1095, 82K1096.
Frank Saia, Asst. Public Defender, Baton Rouge, for defendant-appellant in No. 82K1097.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
Defendant, Jonas Haney, was charged by three separate bills of information with two counts of simple burglary, three counts of theft (in excess of $500.00) and four counts of forgery: violations of La.R.S. 14:62, La. *1265 R.S. 14:67 and La.R.S. 14:72 respectively. These cases have been consolidated by this court. On August 11, 1981, following Boykinization by the trial judge, defendant, pursuant to a plea bargain with the State, entered guilty pleas as to all counts. Thereafter on April 8, 1982, defendant, also as part of the plea bargain agreement, entered a guilty plea as to a second offense (simple burglary) habitual offender bill filed by the district attorney. In exchange, the State agreed to bill defendant as a second rather than a fourth offense habitual offender and not to pursue any of the other "unbilled" pending charges against him, including at least one count each of simple burglary and simple escape. Subsequently, defendant was sentenced to 5 years apiece for each of three counts of theft and four counts of forgery, 6 years for one count of simple burglary and 23 years for the second offense (simple burglary) habitual offender charge, a total of 64 years; all sentences to run consecutively; with defendant to receive credit for time served. On appeal defendant relies upon two assignments for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant claims that the sentences imposed upon him by the trial court are excessive.[1] Even a sentence falling within the applicable statutory range may be excessive. State v. Willis, 420 So.2d 962 (La.1982); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983). A trial judge, however, is given wide discretion in imposing sentences within statutory limits, and a sentence will not be set aside as excessive absent a manifest abuse of this discretion. State v. Willis, supra.
The defendant herein received exactly one-half of the maximum sentences possible for each of the charges to which he pled guilty, with the exception of the habitual offender charge, for which he received close to the maximum sentence possible. La.R.S. 14:62; La.R.S. 14:67; La.R.S. 14:72; La.R.S. 15:529.1A(1). The trial judge's reasons for imposing sentence adequately comply with La.Code Crim.P. art. 894.1 and demonstrate no abuse of discretion, particularly in light of defendant's long-standing and persistent course of criminal conduct. See: State v. Washington, 414 So.2d 313 (La.1982); State v. Williams, 412 So.2d 1327 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982); State v. Bates, 397 So.2d 1331 (La.1981); State v. Fleming, supra. Defendant argues that the trial court did not give due weight to mitigating factors present: his conduct neither caused nor was intended to cause serious harm. Even if these factors were present (which question we do not address) the trial court was within its discretion in finding them outweighed by defendant's extensive criminal record.
This assignment of error is without merit.[2]

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant alleges that the trial court erred in overruling his objection to an alleged violation of his plea bargain agreement with the State. Defendant does not specify in what manner this plea bargain agreement was allegedly violated. Instead he merely alleges that the State misled him as to his maximum penalty exposure. In any event, although assigned as error, this issue was not argued by defendant in his brief. Rather, he argued that his guilty plea was not knowingly and intelligently entered because he was not adequately informed of his maximum penalty exposure under the habitual offender statute. Since the defendant, however, neither filed a motion to withdraw *1266 his guilty plea nor perfected an assignment of error as to this issue, it is not reviewable on appeal. La.Code Crim.P. art. 920. State v. Campbell, 404 So.2d 1205, 1208 (La.1981).[3]
Therefore, for the above and foregoing reasons the convictions and sentences are affirmed.
AFFIRMED.
LOTTINGER, COLE and CARTER, specially concurring.
CARTER, Judge:
We concur in the result reached herein for the reasons set forth in the Specially Concurring Opinions of State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983) and State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir. 1983).
NOTES
[1] Defendant apparently struck a plea bargain which contained no sentencing agreement. Accordingly we shall review his sentence. See State v. Benton, 432 So.2d 334 (La.App. 1st Cir.1983) and cases cited therein.
[2] Although several of the charges against defendant apparently occurred on the same date (Bill number 6-80-483, Counts 1 and 2; Bill number 7-80-117 Counts 1 and 2) or in close temporal proximity to one another, defendant does not argue that they were part of the same transaction or common scheme so as to invoke the provisions of La.Code Crim.P. art. 883 as to concurrent sentences. Defendant, in fact, does not even argue that the sentences imposed are excessive by virtue of their consecutive nature. Accordingly, it is unnecessary to address this issue.
[3] In Campbell the defendant requested that the court determine whether it appeared on the record that he was advised of his right against self-incrimination during the Boykinization process. The court (with three judges from the Court of Appeal sitting ad hoc) held that this determination involved the voluntariness of a guilty plea, and as such was not an error discoverable on the record, citing State v. Williams, 327 So.2d 379 (La.1976) and State v. Knighten, 320 So.2d 184 (La. 1975). Justice Lemmon concurred, and in reaching the merits of defendant's complaint said that judicial efficiency mandated such action when no additional evidence was necessary to sustain the constitutional validity of the plea, citing State v. Bowick, 403 So.2d 673 (La.1981). Justice Calogero dissented, joined by Justice Dennis. He argued that defendant's requests of the court to determine if the Boykinization hearing was complete did not involve an inspection of the evidence, but only a reading of the pleadings and proceedings. Such a determination was not one of whether the plea was voluntary, which does not present a patent error.

Here, defendant argues in brief (without having moved to withdraw the guilty plea or having perfected an assignment of error) that the trial court inadequately explained his sentence exposure and thus his plea was not knowingly and intelligently entered.
If non-compliance with the three-right articulation rule of State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) presents an error not patent on the face of the record, then surely the trial court's failure to adequately explain the sentence exposure to defendant is also such an undiscoverable error. It is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. See State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982). To determine whether such an explanation was owed and indeed given here, or if not, whether defendant's plea was nevertheless knowingly and voluntarily made, involves an examination deeper than an inspection of the pleadings and proceedings.