434 So.2d 1261 (1983)
STATE of Louisiana
v.
George LEWIS.
No. 83 KA 0031.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1262 Ossie Brown, Dist. Atty., by Richard Johnson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Rhett R. Ryland, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
Defendant, George Lewis, was charged by bill of information with two counts of forgery under La.R.S. 14:72. The charges arose from fraudulent use of a stolen Exxon credit card on March 21 and March 23, 1981. Defendant pled guilty to both counts in exchange for a promise by the district attorney that he would not be charged as a multiple offender. It does not appear that an agreement as to a specific sentence was reached. After a hearing, defendant was sentenced on the first count to serve eight years at hard labor, pay a fine of $2,000.00, and, in case of default of payment of the fine, to serve an additional one year. On the second count, defendant was sentenced to serve ten years. Sentences on the two counts were ordered to be served concurrently.
On appeal, defendant argues that the sentences imposed are excessive, constituting cruel, excessive and unusual punishment under the Louisiana Constitution of 1974, Article I, Section 20. Defendant argues that the court did not refer to mitigating factors applicable to him, specifically that he had been gainfully employed for quite some time and that his conduct in this or other cases had never caused or threatened to cause any serious injury or harm.
In State v. Beasley and State v. Romero, 430 So.2d 1273 (La.App. 1st Cir.1983), consolidated, this court stated that if a plea bargain was entered into the sentence cannot be attacked as excessive. However, a review of the cases cited in Beasley indicates that perhaps a sentence may be reviewable if entered pursuant to a guilty plea based upon a plea bargain which does not represent an agreement as to a specific sentence. See State v. Benton, 432 So.2d 334 (La.App. 1st Cir.1983) and cases cited therein. Thus we shall review defendant's assignment of error.
La.R.S. 14:72 reads in pertinent part, "whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both." Thus, the maximum accumulated sentences to which the defendant herein was exposed were fines of ten thousand dollars and imprisonment of twenty years. In sentencing the defendant, the trial judge made specific reference to defendant's lengthy criminal record as a juvenile and an adult, and expressed a certainty that defendant, if not incarcerated, would commit another felony. The trial judge further alluded to and adopted in his reasons the entire pre-sentence investigation report, which contained appropriate references to La.Code Crim.P. art. 894.1, listing factors to be considered in sentencing.
When the trial judge recites some of the La.Code Crim.P. art. 894.1 factors, such as defendant's lengthy criminal history or the risk that defendant will commit another crime, a factual basis for the sentence is present, and it is not necessary for the trial judge to enumerate each factor under the article. State v. Mott, 409 So.2d 263 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980). Considering defendant's lengthy juvenile and adult record, the sentences imposed, and the fact that they are to run concurrently, we find no abuse of discretion.
Therefore, for the above and foregoing reasons, the convictions and sentences of the defendant are affirmed.
AFFIRMED.
LOTTINGER, COLE and CARTER, JJ., specially concurring.
CARTER, Judge:
We concur in the result reached in this case for the reasons set forth in our Specially Concurring Opinion of State v. Lincoln Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983).
*1263 Additionally, we are not in agreement with the legal proposition[1] that in addition to the numerous legal and constitutional rights justifiably afforded a person convicted of a criminal offense, that we should also afford him the right to renege on a plea bargain agreement[2], wherein the defendant obviously receives many benefits and legal advantages. The defendant obtains the benefits of having charges nolle prosequied, not being charged as a multiple offender, etc. and yet complains that the sentence was too severe. To permit this allows an obviously guilty[3] individual to often "have his cake and eat it too." This is not fair to the State (and thus to the People).
The law-abiding citizens of this state either abide by their agreements and "bargains" or, in default, they can legally be required by our courts to comply therewith. Why shouldn't a person convicted of a crime be required to adhere to his "plea bargain" and agreement, even if the term of the sentence is greater than the defendant hoped for? In plain words, our feeling is that if a defendant, in a plea bargain, knowingly and voluntarily enters a guilty plea without a commitment as to the term of sentence, then "a deal is a deal, is a deal", even if a criminal defendant is disappointed or unhappy with the length of sentence.
NOTES
[1] In State v. Benton, 432 So.2d 334, (La.App. 1st Cir. 1983) at footnote 1, we reviewed the jurisprudence, as we understood it, as follows:

The Supreme Court in several cases has found that because sentencing agreements had been entered into by all parties pursuant to plea bargains the defendants were precluded from complaining about the excessiveness of their sentences and the trial courts were absolved of their failure to enumerate the reasons listed in La.Code Crim.P. art. 894.1 for imposing those sentences. See State v. Bell, 412 So.2d 1335 (La.1982); State v. Washington, 406 So.2d 191 (La.1981); State v. Gray, 404 So.2d 1215 (La.1981); State v. Bateman, 404 So.2d 927 (La.1981); State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La.1981).
This "rule" was criticized by Justice Dennis, concurring in Bell and Gray, and by Justice Lemmon, concurring in Hicks. Both justices felt that a plea bargain/sentence agreement should be only one factor to be considered when reviewing a sentence and not an absolute bar to that review. This view was apparently accepted in State v. Jett, 419 So.2d 844 (La.1982), where another court composed of three ad hoc justices (all of the above cited cases were decided by mixed courts) reviewed the defendant's sentence even though a sentence agreement had been made. The court found that though the trial judge had not stated for the record his reasons for imposing the sentence, the record otherwise clearly illumined the sentencing choice and demonstrated that the sentence was not excessive, therefore making remand unnecessary. See State v. Martin, 400 So.2d 1063, on rehearing 400 So.2d 1074 (La.1981). The recent First Circuit case of State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir. 1983), acknowledged the Jett decision but still barred the defendant from seeking a sentence review because he had pled guilty pursuant to a plea bargain. It is not clear if the defendant had agreed to the sentence he received; the trial court "apparently discussed" it with the defendant.
From all of this we conclude that the "rule" of Curry and its progeny need not be applied in every case where a defendant and the court agree on the sentence to be imposed; further, the rule should not be applied in cases such as this, where the record indicates that the defendant only pled guilty to a lesser offense and did not agree to a certain sentence.
[2] Black's Law Dictionary, 5th Edition, by Henry Campbell Black, M.A., at page 136 defines "bargain" as "a mutual understanding, contract or agreement...." and at page 1037 describes "plea bargain" as follows:

Plea bargaining. The process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case subject to court approval. It usually involves the defendant's pleading guilty to a lesser offense or to only one or some of the counts of a multi-count indictment in return for a lighter sentence than that possible for the graver charge. Plea bargaining procedures in the federal courts are governed by Fed.R.Crim.P. 11(e).
[3] It is important to note that in this type of appeal, the appellant has freely and voluntarily admitted the criminal activity and entered a guilty plea; we are not dealing with people only accused of criminal acts.