CRAIN, Judge.
Defendants, Barry Roberts and Steve Couture, were indicted for the crime of second degree murder for the beating death of Richard Bowling on May 8,1981, in violation of La.R.S. 14:30.1. The indictment was amended by the district attorney to a charge of manslaughter, under La.R.S. 14:31, and both defendants then pled guilty. *817 After a sentencing hearing the court sentenced both defendants to serve nine years at hard labor. Both defendants have appealed the sentences imposed.[1]
Defendants were arrested approximately thirty days after the body of Richard Bowling was discovered in a secluded area in St. Tammany Parish. The victim died as the result of a severe beating administered to him after defendants lured him from a bar. A third man, William Ollis, was tried for the murder of Bowling and was convicted of second degree murder. Defendants testified at his trial. The evidence demonstrated that, in exchange for an unspecified amount of money, defendants lured the victim from the bar for the purpose of having Ollis administer a beating, and that they prevented the victim from escaping during the beating by forcing him to stay within the reach of Ollis. It was never established that either defendant actually assisted Ollis in the assault by physically beating the victim.
After the beating, the victim either escaped or was thrown from the van. His body was found in the early morning hours in a ditch by the side of the road, with his hands still tied behind his back.
Defendants urge that the trial court erred by imposing excessive sentences. Although not designated in the record, defendants have briefed two other assignments of error. Since the issues raised also are concerned with the sentence imposed and the compliance with La.C.Cr.P. 894.1 by the trial court, these issues will be discussed together.
The trial judge has wide discretion to impose a sentence within the statutory limits. State v. Washington, 414 So.2d 313 (La.1982). This discretion is subject only to constitutional limitations on excessive sentence, and should not be disturbed absent manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982). Although the trial court noted that many of the mitigating factors enumerated under La.C.Cr.P. Art. 894.1 were present in this case, the court further noted that the taking of another human life is a most serious offense and that the defendants had been given a considerable break by being permitted to plead guilty to manslaughter. Under the facts presented herein, a sentence of nine years, less than one-half of the maximum, is not excessive even if the trial court had not complied with the sentencing guidelines of La.C.Cr.P. 894.1. State v. Batiste, 410 So.2d 1055 (La.1982). The record reflects that the sentence imposed was a studied, not an arbitrary, decision and no abuse of discretion has been shown.
Defendants also claim that the sentencing court improperly considered as an aggravating circumstance the possibility of defendants being convicted of second degree murder. Defendants had been indicted for the charge of second degree murder. It was not error for the trial court to consider the possibility of a conviction for that charge. State v. Roussel, 424 So.2d 226 (La.1982).
Defendants contend that the sentencing court did not consider the mitigating factors in favor of both defendants separately but imposed the sentence on both defendants together. Specifically, Couture contends that because he is married and has a family, his circumstances are vastly different from those of Barry Roberts. Defendants are constitutionally entitled only to the same sentencing criteria and are not guaranteed any particular result. The results are measured only against the requirement that the sentences not be excessive. State v. Day, 414 So.2d 349 (La.1982). See also, State v. Romero, 369 So.2d 1342 (La.1979). We find no abuse of discretion.
*818 Por the reasons assigned, the sentences imposed by the trial court are affirmed.
AFFIRMED.

. We note that the sentences imposed here were the result of a plea bargain whereby the charges against the defendants were reduced from second degree murder to manslaughter. The trial judge specifically pointed out to the defendants that they could receive sentences of up to 21 years and that he was not agreeing to a particular sentence. We are reviewing these sentences because we find the law to be as stated by this court in State v. Benton, 432 So.2d 334 (La.App. 1st Cir.1983) at footnote 1. However, we subscribe to the Specially Concurring Opinion in State v. George Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).