COVINGTON, Judge.
Defendants, Kelvin Chrisentary and Walter Turner, were charged by Bill of Information, on two counts: count 1, they committed theft of merchandise of a value of more than $100.00, but less than $500.00; and, count 2, they received stolen things: merchandise of a value of more than $100.00, but less than $500.00. After trial by jury, both defendants were found “not guilty” on count 1, and “guilty” on count 2. Each defendant was sentenced to two years hard labor. Chrisentary’s sentence is to run consecutively with any other sentence he may now be serving and he was given credit for time served as a result of his arrest and custody on this charge; Turner was given credit for time served as a result of his arrest on this charge to imposition of sentence. Both defendants have appealed the convictions and sentences, alleging two assignments of error. First, the trial court erred when it denied defendants’ motion for a new trial and for post-verdict judgment of acquittal. Second, the trial court erred when it imposed excessive sentences.
FACTS
On August 18, 1980, a clerk of Woman’s World clothing store in Cortana Mall noticed two men putting merchandise into a shopping bag. A quick check revealed that many blouses were missing from racks at the front of the store, so the Cortana Mall security officers were called. Subsequently, the security officers staked out a vehicle in which the stolen merchandise had been observed in the back seat. Shortly thereafter, defendant Chrisentary entered the vehicle. Before Chrisentary could start the car, the security officers approached him. As he was being questioned, defendant Turner arrived.on the scene. They were apprehended and returned to the store where they were detained for the city police.
ASSIGNMENT OF ERROR # 1
Defendants contend that the trial court erred when it denied defense motions for post-verdict judgment of acquittal, based on insufficient evidence in the record to support the convictions. This assignment of error is based on an argument under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that there is insufficient evidence for a rational trier of fact to have found the defendants guilty beyond a reasonable doubt. In evaluating the evidence, Jackson v. Virginia requires that the evidence be considered in the light most favorable to the prosecution. In this case, after reviewing the transcript of testimony taken at trial, we find that the record contains sufficient evidence to hold that the elements of the offense were clearly established by the prosecution and a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Moore, 432 *347 So.2d 209 (La.1983). The stolen merchandise from Woman’s World store was located in a shopping bag in the back seat of Chrisentary’s car within the control and possession of the defendants.
There is no merit to this assignment.
ASSIGNMENT OF ERROR # 2
In this assignment of error defendants alleged that the trial court imposed excessive sentences by pronouncing the maximum sentence on each defendant. Defendants argue that the trial court failed to consider any mitigating circumstances.
On review of the record, we find the court minutes reflect that the trial judge had the prior records of both defendants, in addition to each defendant’s work record and used this information to fix the sentence received by each defendant. We find that the judge adequately considered the circumstances of each defendant and individualized each sentence. The judge need not enumerate each factor considered under the requirements of LSA-C.Cr.P. 894.1; State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).
There is no merit to this assignment.
For the reasons assigned, the defendants’ convictions and sentences are affirmed.
AFFIRMED.