EDWARDS, Judge.
Defendant, Roger Thompson, was charged by bill of information with simple burglary in violation of R.S. 14:62. In return for the nolle prosequi of three other *651 counts of simple burglary of an inhabited dwelling, three counts of felony theft, and one count of misdemeanor theft, defendant entered a guilty plea to the instant charge. The trial court sentenced defendant to a term of six years imprisonment at hard labor. Defendant now appeals, urging only that the sentence is excessive.*
Defendant argues that the trial court erred by not placing sufficient weight on several mitigating factors, specifically his good juvenile record, his first felony status, and his employment record. While the trial court did enunciate these factors for consideration in sentencing defendant, it also noticed several other factors: other criminal activities of defendant which were nolle prossed; failure to retrieve some $6,700.00 worth of jewelry from the burglaries; and the fact that, after pleading guilty to the instant offense, another bill of information for a burglary committed only five days thereafter was brought against defendant. The State also nolle prossed this bill on defendant’s request but asked that the trial court consider it an imposing sentence. The trial court stated that it deemed a period of incarceration necessary in this case.
Under R.S. 14:62, simple burglary is punishable by a $2,000.00 fine, imprisonment with or without hard labor for not more than 12 years, or both. We cannot say that the trial court’s sentence of six years’ imprisonment at hard labor under the circumstances of this case constitutes an abuse of discretion. State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).
Accordingly, for the above-expressed reasons, the sentence of the defendant is affirmed.
AFFIRMED.

When a defendant pleads guilty pursuant to a plea bargain which does not specify a particular sentence, the sentence is reviewable on appeal. State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).