COVINGTON, Judge.
The defendant, Karl J. Acosta, was charged by bill of information with the attempted first degree murder of Cindy Quebedeaux on February 19, 1983, in violation of LSA-R.S. 14:27, 30. The defendant pled guilty.[1]
After hearing, the defendant was sentenced to twenty-five years at hard labor. The defendant has appealed his sentence alleging it is excessive.
The charge of attempted first degree murder was based on the following facts: On February 19, 1983, at about 5:30 p.m., Karl J. Acosta drove his girlfriend to work as a waitress at Larry K. Sullivan’s in Cortana Mall in East Baton Rouge Parish. He returned some time later and was joined by two women acquaintances while he was eating a steak dinner. After dinner, Acosta prevented the two women from leaving by threatening them with a .357 magnum handgun. The defendant then tried to get his girlfriend, who was behind the bar at Larry K’s, to come out. The girlfriend and the victim, who was also behind the bar, tried to reason with Acosta to get him to put away the gun. Instead, the accused pointed the gun in their faces. For reasons not fully explained, Acosta became incensed, and placed the gun to the left side of the victim and deliberately fired the weapon. Ms. Quebedeaux was critically wounded. A gun battle then ensued between Acosta and several peace officers. No other person appears to have been wounded. The shooting ceased only when the defendant surrendered to the police. The ballistics report definitely established that Acosta’s weapon was the one used to shoot Ms. Quebedeaux.
The defendant urges that the trial court erred when it imposed an excessive sentence.
The maximum sentence which can be imposed for the crime of attempted first degree murder is imprisonment at hard labor for not more than fifty years. LSA-R.S. 14:27 D(l). The penalty actually imposed by the trial court was twenty-five years, or one-half of the maximum assessable penalty-
The trial judge has wide discretion, though not unbridled, in the imposition of a *64 sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979); and given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983).
Article 1, Sec. 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment.
A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
Sepulvado states that adequate appellate review must consider whether the trial judge gave due consideration to the statutory guidelines and has specifically stated his reasons for imposition of sentence as related to the particular defendant and the crime committed. While the trial judge need not articulate every mitigating and aggravating circumstance presented in LSA-C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the guidelines in particularizing the sentence to the defendant. State v. Guiden.
A review of the record in the case reveals that the trial judge carefully particularized the sentence, considering each and every mitigating and aggravating factor as set out in LSA-C.Cr.P. art. 894.1 with respect to Acosta. The judge noted that the defendant was 24 years of age; he pled guilty to the offense; and the defendant had no previous criminal background. The judge noted the conduct of the defendant which threatened serious harm and which created a highly dangerous situation, placing the lives of innocent persons in jeopardy. The victim in no way induced or facilitated the commission of the offense. The court considered that the defendant’s conduct was such that the same or similar circumstances of violence were likely to recur. There was no showing of remorse for the harm done his victim. It was in this context that the trial judge concluded that there was an undue risk that during a suspended, probated or lesser sentence the defendant would commit another crime; that the defendant was in need of correctional attention, treatment and supervision; and that a lesser sentence would diminish the seriousness of the crime. Further, as stated, the trial judge discussed the mitigating factors which were taken into consideration in fixing the sentence. In summation, the record shows the trial judge’s articulation of reasons for sentence are more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range, and does not appear grossly disproportionate to the severity of the crime and does not appear to be imposed merely for the purposeless and needless imposition of pain and suffering. State v. Brown, 412 So.2d 998 (La.1982). Consequently, this assignment is without merit.
We affirm the sentence.
AFFIRMED.

. Acosta pled not guilty at first. He then withdrew that plea and pled not guilty and not guilty by reason of insanity. On the scheduled trial date, defendant withdrew his pleas and pled guilty as charged. After Boykinization, the trial court ruled Acosta had knowingly and intelligently waived his rights and the guilty plea was accepted.