GAUDIN, Judge.
Appellant Clarence L. Clements is before this Court contending that his 25-year hard labor sentence for first degree robbery, to be served without benefit of parole, probation or suspension of sentence, is excessive. Also, Clements asks us to search for errors patent.
Clements was convicted of violating LSA-R.S. 14:64.1, which carries a prison term of from three to 40 years at hard labor.
We affirm Clements’ sentence, finding it within the trial judge’s discretion considering the nature of the crime and appellant’s background. There are no errors patent.
On February 18, 1986, at approximately 9:25 p.m., the female victim was returning home from Loyola University where she had attended evening classes. She drove into her apartment complex and was in the process of removing her belongings from her automobile when two men ran up.
*268 Before the victim could react, the men grabbed her. One of them pointed a revolver at her chest; the other man, later identified as Clements, entered the victim’s car and demanded the keys. The victim handed over the keys and began slowly retreating.
The armed man twice warned the victim to stop but she ran away. The two men then drove off, one in the car they arrived in and the other in the victim’s vehicle. The victim’s auto was later found abandoned but her personal items, including money and several cassette tapes, were never recovered.
At trial, Clements offered, unsuccessfully, an alibi defense. He was convicted by a jury in the 24th Judicial District Court, the vote for guilty being 11 to one.
In sentencing Clements, the trial judge did not fully follow the guidelines of LSA-C.Cr.P. art. 894.1; nevertheless, a remand for resentencing is not required if the sentence is not apparently severe and the record supports the terms imposed. See State v. Smith, 430 So.2d 31 (La.1983), appeal after remand at 499 So.2d 340 (La. App. 4 Cir.1986).
The presentence investigative report, which the trial judge considered, is part of the record. Clements, age 21, is a fourth felony offender with an extensive juvenile record. The presentence report states that Clements was involved in another armed robbery the day following the instant offense.
In State v. Wimberly, 414 So.2d 666 (La.1982), the Supreme Court of Louisiana said at page 672:
“We have not as of yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.”
(Underlining provided.)
Clements could have received a 40-year sentence. There is no suggestion here that the sentence imposed on Clements was either inappropriate or beyond the trial judge’s discretion.
AFFIRMED.