BOWES, Judge.
Defendant, Darryl Parker, appeals his sentence following his conviction under LSA-R.S. 14:62, simple burglary. We amend the sentence and as amended, affirm.

FACTS

On December 30, 1990, at approximately 10:00 p.m., Theodore Kennedy and his wife were visiting his mother at her Jefferson Parish residence; at this time, Kennedy’s truck was parked outside his mother’s home. Kennedy heard his car alarm go off. He immediately ran outside and saw defendant getting out of his (Kennedy’s) truck. Kennedy recognized Parker, the defendant whom he knew from the neighborhood, as the perpetrator.
When Kennedy yelled, defendant fled. Kennedy ran after defendant and followed him to a house. During the chase, defendant dropped the purse which he had taken from the victim’s truck and also two jackets that defendant had in his possession. Kennedy retrieved the articles that defendant dropped and continued his pursuit of defendant. Kennedy knocked on the door of the house which defendant entered. When defendant denied any involvement in the break-in, Kennedy left and called the police. At trial, Kennedy identified defendant in court as the person he saw exiting his truck.
In his trial testimony, defendant offered a defense consisting of an alibi and denied any involvement in the theft; additionally, his girlfriend testified that Parker had not left the house at the time of the incident. These assertions, despite his positive identification shortly after the incident, apparently only impressed the judge and jury adversely. Following trial, defendant was convicted by a six-person jury of simple burglary.
LSA-R.S. 14:62 provides that “whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.”
Defendant was sentenced to six years at hard labor and now on appeal, contends his sentence is excessive. He further avers that the trial judge failed to articulate a sufficient factual basis to justify the sentence.
The law regarding excessive sentences has been repeatedly set forth by this Court. See State v. Jones, 559 So.2d 492, 495-496 (La.App. 5 Cir.1990), writ denied, 566 So.2d 981 (La.1990) for a general review of the applicable law on excessive sentencing.
At trial it was established that the defendant had a previous conviction for simple robbery in 1986, which had been reduced from an original charge of armed robbery. Several other charges were also pending at the time of trial.
In considering the issue of whether a sentence is excessive our Supreme Court in State v. Guajardo, 428 So.2d 468 (La.1983) upheld a sentence of six years at hard labor on a conviction of simple burglary observing as follows:
In State v. Telsee,[1] supra, we recently articulated some factors that guide our determination of whether a particular sentence is unconstitutionally disproportionate. We first determine whether the trial court adequately tailored the punishment within the statutory framework *5 to the circumstances of the offense and the particular offender, thus reserving the maximum sentences for the most blameworthy of offenders. Id. at 1253. Secondly, we may compare a particular offender’s punishment with the sentences imposed for similar crimes by the same court and other courts.' This device also assures that maximum sentences are reserved for the most egregious violations and that other offenders of similar conduct will not receive lighter sentences than this defendant. Id. at 1254.
Our consideration of these factors leads us to conclude that a sentence of six years at hard labor does not constitute excessive punishment. In imposing the sentence, the trial judge acknowledged that the unarmed daytime burglary of an office did not threaten serious harm to others. However, the judge properly considered defendant’s multiple juvenile convictions in setting the sentence. State v. Tucker, 354 So.2d 521 (La.1978). The judge emphasized the fact that defendant’s prior two convictions consisted of burglaries, and the present burglary occurred only nine months after his release from the correctional institute. On the basis of defendant’s recidivism, the trial judge properly found that he was not a suitable candidate for probation. Furthermore, the duration of the sentence is not excessive, in light of the fact that the offense of simple burglary carries a maximum sentence of twelve years at hard labor. La.R.S. 14:62. We have previously concluded that a sentence of four years for simple burglary by a youthful defendant with a juvenile record is not unconstitutionally excessive, State v. Artis, 391 So.2d 847 (La.1980), and that the maximum sentence of twelve years is not excessive per se. State v. Bates, 397 So.2d 1331 (La.1980); State v. Napier, [385 So.2d 776 (La.1980)], supra.
Sentences of six years at hard labor for the crime of simple burglary have been affirmed by this Court in State v. Bryant, 428 So.2d 1167 (La.App. 5 Cir.1983) and State v. Torres, 470 So.2d 319 (La.App. 5 Cir.1985) in which defendants had prior criminal records. See also State v. Thompson, 444 So.2d 650 (La.App. 1 Cir.1983). The situation here is certainly analogous to those.
We do not find the duration of the sentence to be excessive, considering that 12 years at hard labor and a fine of $2,000 is the maximum exposure to which defendant could have been sentenced.
We agree that the trial court did not articulate its basis for the sentence it imposed in full compliance with LSA-C.Cr.P. art. 894.1. However, this Court, following State v. Smith, 430 So.2d 31 (La.1983), has held in the past that such failure does not always necessitate a remand for sentencing.
Although a case is ordinarily remanded for resentencing when a trial court fails to state its basis for the sentence imposed, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not necessary when the sentence is not apparently severe or where the record otherwise supports the sentencing choice. State v. Gordon, 504 So.2d 1135, 1143 (La.App. 5th Cir.1987) (citations omitted). See also State v. Jones, 412 So.2d 1051 (La.1982).
State v. Ancona, 527 So.2d 451 (La.App. 5 Cir.1988). Also State v. Clements, 578 So.2d 267 (La.App. 5 Cir. 1991).
Thus, while it would have been preferable, and certainly more helpful to the appellate process, for the trial court to have stated for the record the factors which he considered in imposing the sentence, we find that the record minimally supports his sentencing choice. Four years prior to the instant offense, the defendant was charged with armed robbery and plead guilty to a lesser charge of simple robbery. It further appears that other charges were presently pending at the time this sentence was handed down. Because the sentence is not apparently severe and the record otherwise supports the sentencing choice, we find it unnecessary to remand the matter for re-sentencing. These assignments of error are without merit.

*6
ERROR PATENT ANALYSIS

We have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5 Cir.1989).
A review of the record reveals that while the minute entry and commitment indicate that defendant was given credit for time served, the transcript does not so reflect. Generally where there are discrepancies between the transcript and minute entry, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Lockett, 542 So.2d 670 (La.App. 5 Cir.1989). According to LSA-C.Cr.P. art. 880, the court, when it imposes sentence, shall give a defendant credit for time served. Since Article 880 is mandatory in its language, the defendant must be given credit for time served, despite the fact that it is not specifically stated in the transcript.
Accordingly, we amend the sentence of the defendant to reflect that he is to be given credit for time served. In all other respects the conviction and sentence are affirmed.
AMENDED AND AS AMENDED, AFFIRMED.

. State v. Telsee, 425 So.2d 1251 (La.1983).