# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-738 c/w 13-739

**STATE OF LOUISIANA**

**VERSUS**

**LARRY J. WALKER, JR.**

**\*\*\*\*\*\*\*\*\*\***

## APPEALS FROM THE
## THIRTIETH JUDICIAL DISTRICT COURT
## PARISH OF VERNON, DOCKET NOS. 82375 AND 83649
## HONORABLE VERNON B. CLARK, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Asa A. Skinner, District Attorney
Terry W. Lambright, Assistant District Attorney
P.O. Box 1188
Leesville, LA  71446
(337) 239-2008
**ATTORNEY FOR APPELLANT**
    State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA  70602-1747
(337) 436-2900
**ATTORNEY FOR DEFENDANT/APPELLANT**
    Larry J. Walker, Jr.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On October 14, 2011, Defendant, Larry J. Walker, Jr., along with two other co-defendants, jumped a fence and entered an immovable structure without the consent of the owner. They then stole a two and one-half ton floor jack from the property. The three men were apprehended shortly thereafter by police. Defendant was arrested and released after posting a bail bond.

On November 29, 2011, Defendant was charged by bill of information with one count of simple burglary, a violation of La.R.S. 14:62, and one count of criminal conspiracy to commit simple burglary, a violation of La.R.S. 14:26 and La.R.S. 14:62. On that same date, Defendant entered a plea of not guilty to the charges. Subsequently, Defendant failed to appear in court as ordered on three separate occasions.

On September 4, 2012, Defendant was charged in a separate docket number with three counts of bail jumping, violations of La.R.S. 14:110.1, for failure to appear at certain proceedings in a felony case. On that date, Defendant entered a plea of not guilty to the bail jumping charges. On February 5, 2013, Defendant moved to consolidate these charges for purposes of a guilty plea and entered pleas of guilty to one count of simple burglary and one count of bail jumping. Pursuant to the plea agreement, the State recommended that the sentences be imposed concurrently and agreed not to habitualize Defendant. The State also agreed to dismiss the remaining counts against Defendant in the consolidated bills of information as well as a misdemeanor theft charge filed in a separate docket number.

On April 9, 2013, Defendant was sentenced on the simple burglary charge to six years at hard labor and to pay a fine of $1,000.00 plus court costs. On the bail jumping charge, Defendant was sentenced to two years at hard labor. The trial

1

court ordered the sentences to run concurrently and ordered Defendant to pay a $100.00 fee to the Department of Public Safety and Corrections, Division of Probation and Parole for the preparation of the presentence investigation report (PSI). On April 10, 2013, Defendant filed a Motion to Reconsider Sentence, arguing that the sentence imposed for simple burglary was excessive. The trial court denied the motion to reconsider without a hearing, stating the sentence was supported by the reasons given. This appeal followed, wherein Defendant alleges one assignment of error as to the excessiveness of the sentences imposed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After such a review, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant contends the sentence he received is excessive. Defendant argues the trial court's failure to sufficiently consider and weigh the factors set forth in La.Code Crim.P art. 894.1 resulted in the imposition of an excessive sentence. Defendant notes that in his motion to reconsider sentence, he asserted the six year sentence imposed for simple burglary served no meaningful purpose considering his eligibility for probation, Defendant's employment status, and the inconsistency of the sentence in comparison to sentences imposed on other defendants appearing in the same division of the court with worse records than Defendant. Specifically, Defendant complains the sentence imposed by the trial court for bail jumping (two years at hard labor) is the maximum sentence for that offense. La.R.S. 14:110.1(C). He also notes the sentence imposed for simple burglary (six years at hard labor and $1,000.00 fine) is one-half of the maximum sentence that could have been imposed for simple burglary (up to twelve years with or without hard labor and/or a fine of up to

2

$2,000.00). La.R.S. 14:62. The State points out, although Defendant received the maximum sentence for bail jumping, the sentence was ordered to run concurrently with the simple burglary sentence.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

> . . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> > [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the

3

aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-14 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91.

Finally, it is well-settled that "maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225 (citing *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335).

Before imposing sentence, the trial court noted that Defendant entered an immovable structure without the consent of the owner and committed a theft therein. The trial court also noted that Defendant intentionally failed to appear for court proceedings which involved the felony charges. Additionally, the trial court noted that pursuant to the plea agreement, the sentences would be ordered to run concurrently, the State would not charge Defendant as a habitual offender, and the remaining charges would be dismissed. The trial court then stated the following in support of the sentence imposed:

> BY THE COURT:
> All right, sir. I considered the Article 894.1 Code of Criminal Procedure factors and found the following were pertinent: First, there are no substantial grounds tending to excuse or justify his criminal conduct nor did he act under strong provocation from anyone. He's thirty-one years of age. He's single. He has two children. He's in good health. He is - - was at the time of the report unemployed and did not give a history of any kind of employment. Are you working now?
>
> BY MR. WALKER:
> Popeye's where I do yard work.
>
> BY THE COURT:
> Okay.
>
> BY MR. WALKER:
> For Mr. (INAUDIBLE) - - do yard work with him.
>
> BY THE COURT:

4

All right, sir. He has an eleventh grade education and has not received a GED. He has a history of some drug use, claims he is now clean. He is classified as a second felony offender in that on January the 19th, 2010, in the 10th Judicial District Court in Natchitoches Parish, he pled guilty to distribution of cocaine, was given a five-year Department of Corrections sentence which was suspended and that - - he was placed on three years supervised probation. He was released on good-time parole later and that case expired in 2011. The Court will note in this case - - the simple burglary in, in this particular case was committed on October the 14th, 2011, just a little over one year after his release from the Natchitoches charges and this certainly indicates that he does not and did not realize that he needed to obey the law. You did some - - you did some time and you got out and a year later you're breaking the law again.

BY MR. WALKER:
Right. Yes, sir.

BY THE COURT:
He claims to be remorseful now. The sentence of the Court is as follows: One 82,375, count one, the simple burglary, that you serve six years at hard labor with the Louisiana Department of Corrections and pay a fine of one thousand dollars plus court costs. In number 83,649, count one, the bail jumping charge, the sentence is that you serve two years at hard labor with Louisiana Department of Corrections. These two sentences are made to run concurrent with each other. You're given credit for any time served on these offenses since your arrest. You're also ordered to pay a one hundred dollar fee to the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, for the preparation of this PSI report.

In his brief, Defendant asserts that the trial judge "did not consider the facts of the case, including whether the State would have been able to prove an actual entry into an immovable." Based upon the facts in the reports, appellate counsel contends Defendant did not enter into the immovable property. Despite appellate counsel's argument, by entering a plea of guilty, Defendant admitted to committing the offense charged by the State – "Count 1: committed the offense of simple burglary, in that he did knowingly and intentionally enter into an immovable structure without consent of owner. . . ." At the guilty plea hearing, defense counsel did not dispute the factual basis submitted by the State, wherein the State accused the Defendant of entering into "an immovable structure."

5

Appellate counsel further argues that the property stolen was returned a short time after it was taken and that all of the charges filed against the Defendant stem from the item stolen, which was valued at less than $500.00. Finally, appellate counsel asserts that Defendant did not remain at large for a lengthy period of time, he forfeited his bonds, he admitted to having a drug problem but is now clean, he was employed at the time of his arrest and at the time of sentencing, no one was present at the time of the theft, no severe damage was caused to the property, and he was not the one who planned the burglary. Because the bail jumping charges were all related, appellate counsel asserts that the dismissal of two of the bail jumping charges did not justify the imposition of the maximum sentence on the one bail jumping count to which Defendant pled guilty.

In further support of his excessive sentence claim, Defendant distinguishes his case from other cases in which eight, nine, and twelve year sentences were imposed for simple burglaries committed by defendants with allegedly more aggravating factors than the present Defendant. Lastly, appellate counsel notes that Defendant was eligible for a probated sentence under La.Code Crim.P. art. 893.

In its brief, the State argues the trial judge was well aware of the facts and circumstances prior to sentencing this Defendant, considered the PSI, weighed the factors set forth in La.Code Crim.P. art. 894.1, and adequately stated those factors for the record. Additionally, the State contends the trial court considered Defendant's status as a second felony offender, specifically noting that the Defendant committed the simple burglary just a little over a year after his release on his sentence for distribution of cocaine. The State also points out according to the PSI, Defendant had several previous misdemeanor convictions along with his prior felony distribution of cocaine conviction.

6

Further, the State argues Defendant received a significant benefit from the plea agreement – the dismissal of a felony conspiracy charge, the dismissal of two felony bail jumping charges, and the dismissal of a misdemeanor theft charge. Additionally, the State agreed to recommend concurrent sentences and agreed not to charge the Defendant as a habitual offender.

Finally, the State notes this court recently upheld a five-year sentence in a similar case out of Vernon Parish. *State v. Stockton*, 12-1398 (La.App. 3 Cir. 6/15/13) (unpublished opinion). Stockton was originally charged with aggravated burglary, simple burglary and theft of firearms. *Id.* Pursuant to a plea agreement, Stockton pled guilty to simple burglary and theft of property valued over $500. *Id.* In upholding the sentence, this court noted Stockton's prior record for felony possession of a controlled dangerous substance as well as his prior record for three misdemeanor convictions. *Id.* Finally, this court noted the substantial benefit Stockton received by his plea agreement.

In reviewing the jurisprudence for comparable cases, we note in *State v. Brown*, 12-626 (La.App. 4 Cir. 4/10/13), 115 So.3d 564, the fourth circuit upheld a six-year sentence for Brown's simple burglary of a storage shed, during which Brown stole $130.00 worth of soft drinks and bottled water. The fourth circuit noted that the sentence was a mid-range sentence, that no fine was imposed, and that Brown confessed to the offense. *Id.* at 578. Additionally, the fourth circuit noted that other circuits have upheld six-year sentences, or greater, for convictions of simple burglary.

In one of the cases cited by the fourth circuit, *State v. Parker*, 594 So.2d 3 (La.App. 5 Cir. 1992), the fifth circuit upheld a six-year sentence for the simple burglary of a vehicle. In that case, as Defendant argues in the present case, the items taken by Parker were recovered soon after the incident. The fifth circuit noted in *Parker*, however, that the sentence was not excessive in light of Parker's

7

prior guilty plea to simple robbery (reduced from armed robbery) and Parker's other pending charges. *Id.* at 5.

In upholding Parker's sentence, the fifth circuit cited *State v. Guajardo*, 428 So.2d 468 (La.1983), *superseded by statute on other grounds as recognized by State v. Richard*, 99-1078 (La.App. 3 Cir. 12/27/00), 779 So.2d 927. In *Guajardo*, the supreme court upheld a six-year sentence imposed for the simple burglary of a law office. Guajardo took $14.00 in currency from the office and did some minor damage to the door of the building. *Id.* at 470. Finding the six-year sentence was not excessive, the supreme court stated the following:

> Our consideration of these factors leads us to conclude that a sentence of six years at hard labor does not constitute excessive punishment. In imposing the sentence, the trial judge acknowledged that the unarmed daytime burglary of an office did not threaten serious harm to others. However, the judge properly considered defendant's multiple juvenile convictions in setting the sentence. The judge emphasized the fact that defendant's prior two convictions consisted of burglaries, and the present burglary occurred only nine months after his release from the correctional institute. On the basis of defendant's recidivism, the trial judge properly found that he was not a suitable candidate for probation. Furthermore, the duration of the sentence is not excessive, in light of the fact that the offense of simple burglary carries a maximum sentence of twelve years at hard labor. La.R.S. 14:62.

*Id.* at 473 (citation omitted).

Finally, in *State v. Doyle*, 12-701 (La.App. 3 Cir. 12/5/12) (unpublished opinion), this court upheld a six-year sentence for a simple burglary committed when Doyle and his two co-defendants "entered private property by ramming into a locked gate with the truck [Doyle] was driving." *Id.* at 1. Doyle and his co-defendants "pried open a trailer from which they stole a generator, power tools, and stackable Craftsman toolboxes." *Id.* Doyle pled guilty to simple burglary along with two unrelated charges of theft over $500 and aggravated flight from an officer. Pursuant to the plea agreement, several companion charges were dismissed. Doyle was sentenced to six years at hard labor for simple burglary, six

8

years at hard labor for theft over $500, and two years at hard labor for aggravated flight from an officer. Because the offenses were committed in separate acts or transactions, the sentences were ordered to run consecutively. When it addressed the appropriateness of the sentence imposed for Doyle's simple burglary, this court noted that the sentence was half of the maximum possible sentence, that Doyle was spared a large fine, that Doyle's sentencing exposure was significantly reduced by the State's dismissal of other charges, and that Doyle's three prior felonies indicate his propensity to commit crimes.

Likewise, we find the imposition of a six-year total sentence and $1,000.00 fine plus costs in the present case was not an abuse of discretion. Although the trial court imposed the maximum sentence for bail jumping, the sentence was ordered to run concurrently with the sentence imposed for simple burglary. Thus, the trial court imposed one-half of the maximum sentence that could have been imposed. Considering this fact, the comparable jurisprudence, Defendant's prior record, the dismissal of charges pursuant to the plea agreement, and the State's agreement not to habitualize Defendant, we find the trial court did not abuse its discretion by the sentence it imposed.

### DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

9