412 So.2d 1327 (1982)
STATE of Louisiana
v.
Ronald WILLIAMS.
No. 81-KA-2622.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Glynn F. Voisin, William G. Yates, Asst. Dist. Attys., for plaintiff-appellee.
Prentiss Cox, Houma, for defendant-appellant.
LEMMON, Justice.
The only issue in this appeal is whether the sentence was excessive.
Defendant was convicted of forgery and sentenced to five years imprisonment. On appeal this court affirmed the conviction, but set aside the sentence and remanded for compliance with the sentencing guidelines of C.Cr.P. Art. 894.1. State v. Williams, 396 *1328 So.2d 296 (La.1981). The trial judge allowed defendant to make a statement concerning mitigating circumstances and then again imposed a five-year sentence, stating his reasons therefor. Defendant then filed the present appeal.
Defendant had cashed a $374 check, knowing the check was forged, at a liquor store and obtained cash and merchandise. The check was drawn on the account of Blue Triangle, a non-profit organization formed to fund social functions and disaster relief for certain corporate employees. This check was one of several blank checks which had been removed from Blue Triangle's office.
At the hearing on remand in May, 1981, defendant took the stand and stated only that he had a wife and two children and that since August, 1980 (when he was released on bail during appeal in the present case) he had been working and had remained out of trouble since he was released in August, 1980. The trial judge then reviewed defendant's record and noted that his only prior conviction was in 1967 for the crime of illegal carrying of weapons, a misdemeanor. However, the trial judge further reviewed defendant's record of numerous arrests, including simple battery, aggravated battery (on two occasions), simple burglary (one in 1968 and one in 1970), obtaining barbiturates with a forged prescription, and forgery of a narcotics prescription. Because of this conviction and arrest record, and because the judge found most of the statutory mitigating circumstances inapplicable, the judge reimposed the original sentence.
On appeal defendant points out that he is a first felony offender, that his only misdemeanor conviction occurred 13 years before this incident, that none of the charges on which he was arrested were ever prosecuted, and that the only arrest less than ten years old involved a 1979 fistfight. He therefore contends that since he had led a law-abiding life for a substantial period of time before this incident, he was an excellent prospect for rehabilitation through probation.
The maximum sentence for forgery is ten years and a $5,000 fine. The penalty imposed lies at the midpoint of the sentencing range. While defendant's family and job status, his record of being substantially free of criminal activity for a long period, and the non-violent nature of this crime arguably weigh in favor of probation or a lesser sentence, the choice of sentences within the statutory range lies within the sound discretion of the trial judge, subject only to the constitutional prohibition against excessive sentences. Here, the trial judge carefully articulated the basis for the sentence after considering appropriate factors, including defendant's history of criminal activity.[1]
After considering the entire record, we decline to substitute our judgment as to the length of the sentence for the considered judgment of the trial judge.
The sentence is affirmed.
DENNIS, J., dissents with reasons.
MARCUS, J., dissents for reasons assigned by DENNIS, J.
DENNIS, Justice, dissenting.
I respectfully dissent.
This is defendant's first felony conviction, the amount of the forged instrument was relative small ($374), and defendant has been arrested only once between 1972 and the present arrest and conviction. The sentence of five years at hard labor for forgery is grossly out of proportion to the severity *1329 of the crime, State v. Bonanno, 384 So.2d 355 (La.1980), and makes no measurable contribution to acceptable goals of punishment. State v. Williams, 397 So.2d 1287 (La.1981).
NOTES
[1] Both arrests and convictions may be considered in imposing sentence, as long as defendant, as here, is given notice of the derogatory information and is afforded a chance to speak in mitigation. In some cases it may be preferable to ascertain the factual basis for an arrest from such sources as police reports or presentence investigation reports. The sources of information upon which trial judges may draw in determining an appropriate sentence must be wide and varied, and not subject to the normal restrictions imposed in the guilt determination phase of the proceedings. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).