CUTRER, Judge.
Steven Ray Stone was arraigned on June 25, 1982, on felony charges of simple burglary, a violation of LSA-R.S. 14:62, and theft, a violation of LSA-R.S. 14:67. As part of a plea bargain Stone pleaded guilty to these charges. These charges arose from a May 19,1982, burglary of a private dwelling in DeRidder during which merchandise and cash amounting to $945.00 was stolen. Stone’s plea was given in exchange for the district attorney’s promise not to prosecute Stone on other criminal charges. Additionally, the district attorney recommended that the sentence imposed for each conviction run concurrently.
After a pre-sentence investigation and hearing thereon, the trial judge sentenced Stone to the maximum penalty allowed by law of twenty-two years at hard labor (maximum twelve year term for simple burglary and maximum ten year term for theft running consecutively).
Stone appeals this sentence alleging:
(1) The trial court erred in considering Stone’s involvement in other criminal activity; and
(2) The trial court erred by imposing an excessive sentence in violation of Article I § 20 of the 1974 Louisiana Constitution.
ASSIGNMENT OF ERROR
Stone’s counsel contends that the trial judge committed error in considering that Stone had been charged with several other counts of burglary and theft in the DeRidder area for which he was not convicted and, in fact, for which charges were never filed. Stone’s counsel additionally considers it error for the trial court to consider the fact that, in the pre-sentence investigation, Stone admitted he had committed approximately 1,000 burglaries.
The Louisiana Supreme Court considered this issue in State v. Washington, 414 So.2d 313 (La.1982) and in State v. Williams, 412 So.2d 1327 (La.1982). The Washington panel stated:
“[T]he sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under art. 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982).”
Particularly of interest is a footnote in State v. Williams, supra, in which the Supreme Court states:
“Both arrests and convictions may be considered in imposing sentence, as long as defendant, as here, is given notice of the derogatory information and is afforded a chance to speak in mitigation.”
In the instant case Stone was more than apprised of the information at issue since his admissions were the sources of this information.
Additionally, Stone’s counsel argues that sentence of twenty-two years at hard labor violates Article I § 20 of the 1974 Louisiana Constitution. The Constitution proscribes excessive punishment and states, in pertinent part:
“No law shall subject any person to euthanasia, to torture, or to cruel, excessive. or unusual punishment.” (Emphasis ours.)
In the case of State v. Campbell, 404 So.2d 1205 (La.1981), the court made the following observation:
*1247 “The imposition of a sentence, even though within statutory limits, may violate a defendant’s right, under the Louisiana Constitution, against excessive punishment. Therefore, excessiveness of sentence is an appropriate question for review on appeal. See State v. Sepulvado, 367 So.2d 762 (La.1979). In State v. Bonanno, 384 So.2d 355 (La.1980) we set forth the standard to be used in reviewing a sentence alleged to be excessive. Therein we commented:

‘As stated previously, to determine whether a certain penalty is excessive we must determine whether that penalty is grossly disproportionate to the severity of the crime. State v. Goode, supra. To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980.)’

“Additionally, in State v. Sepulvado, supra, we concluded that the statutory criteria legislatively provided by La.C. Cr.P. Article 894.1 affords appropriate criteria by which to measure whether a sentence within the statutory limits is nevertheless excessive.... Under La.C. Cr.P. Article 894.1, the sentencing judge must state for the record those considerations taken into account in imposing sentence and the factual basis for such considerations. State v. Jackson, 360 So.2d 842 (La.1978). Simply stated, the record must reflect that the trial court adequately considered these criteria in imposing sentence.” (Footnote omitted.)
As stated above, the sentence was imposed after a presentence investigation and hearing. The record indicates that the sentencing judge had before him the pre-sen-tence report and several written statements made by Stone at the time of his arrest concerning Stone’s involvement in the crimes at issue and other crimes. The record further indicates that the sentencing judge concluded from these documents that Stone admitted committing seven particular burglaries in the DeRidder area. The judge also mentioned that the report showed that Stone had previously been convicted of burglary and aggravated battery in Illinois in 1975 and 1976, serving four years in prison for the latter offense. The judge also mentioned that Stone had been convicted of attempted automobile burglary and attempted burglary in Florida in 1980 and 1981. Stone served two months and one month, respectively, for these convictions.
At the hearing the judge also questioned Stone about a statement Stone made to the probation officer during the pre-sentence investigation in which Stone admitted he had committed over a thousand burglaries in his life. When the judge asked Stone if that was a truthful statement, Stone answered the affirmative:
The judge also stated that he took into consideration Stone’s young age, twenty-seven years, his unmarried status and lack of dependents. The judge also considered the fact that none of the homes into which Stone entered were occupied.
Considering the record we are convinced the trial judge exercised his discretion wisely in imposing a twenty-two year sentence on Stone. His reasons are as follow:
“[S]o, I have to determine what kind of a sentence to impose on you, and I have to say that you received a very substantial plea bargain from the District Attorney’s Office, in my opinion, considering the number of residential burglaries that you admitted over a period of time, where they were not impulse sort of things, where one night you might have gotten drunk or high on drugs and ran out and burglarized a house and took some things. That’s bad, but when you do it over a period of time, it shows a system and a design and intent that makes it all the worse. I think that you are a substantial risk to public safety, Mr. Stone. I believe that you need to be incarcerated for a substantial period of time to protect the public. For a lesser *1248 reason, I think that you need to be incarcerated in a custodial environment to hopefully deter you from criminal action in the future, when you ultimately get out of the pen, because I'm not in the position to send you to the pen for life. You’ll be out someday, and I would hope that my sentence would have gotten your attention to where you would want to resolve when you get out of prison that you would try to live according to the law. But the overriding consideration in putting you behind bars for the time that I’m going to put you behind bars, is to protect the members of the public in DeRidder, Louisiana and wherever else in this United States you have perpetrated approximately a thousand burglaries. For all of these reasons, the sentence of the Court in the Burglary charge is that you be committed to the Louisiana Department of Corrections and confined at hard labor for a period of twelve years, subject to such commutation as may be allowed by law and with credit for time in custody prior to the imposition of this sentence. The sentence of the Court in the Theft case is that you be committed to the Louisiana Department of Corrections and confined at hard labor for a period of ten years, subject to such commutation as may be allowed by law and with credit for time in custody prior to the imposition of this sentence. This sentence is to run consecutive to the sentence that I have imposed in the Burglary case. I had a recommendation that you be given concurrent sentences, Stone, but I do not believe that it is proper for the Court to so do in this case. Because of your past criminal conduct and record and the need to protect the public, I think that this is a case that justifies, indeed, even requires me to impose consecutive sentences instead of concurrent sentences. You are a danger to society, and hopefully during the next term of years when you’re behind prison walls of Louisiana, society can rest a little bit more comfortably. That’s the sentence of the Court. You’re remanded to the custody of the Sheriff.’’
We find no factors which would support the imposition of a lesser sentence. We hold that the sentence is not excessive under these circumstances.
For these reasons the conviction and sentence are affirmed.
AFFIRMED.