CUTRER, Judge.
The defendant, Jeffrey Ray Dowden, was charged by bill of information with forcible rape and attempted forcible rape in violation of LSA-R.S. 14:42.1 and 14:27.[1] Initially, defendant pleaded not guilty but, after a plea bargain was reached with the State, he entered a guilty plea to the charge of forcible rape. The attempted forcible rape charge was dismissed. Defendant was sentenced to serve twelve years at hard labor, with four years to be without benefit of parole; probation or suspension of sentence.[2] Following appropriate objection, defendant perfected this appeal.
*570 The events on or about April 21, 1983, were related by the court during the sentencing proceeding. On that night, the defendant was walking in an area near Hawthorne in Vernon Parish, when he observed some lights burning in a trailer. He noticed that no vehicle was present at the mobile home. At the time, the defendant was apparently intoxicated, having consumed a considerable amount of beer and having used some drugs. He knocked on the door and his knock was answered by a rather scantily clad woman who would not allow him to enter. He then ran his hand through the screen and opened the door. When the victim screamed, he clamped his hand over her mouth and threatened to kill her. Thereafter, he engaged in an act of sexual intercourse with her.
The defendant appeals his sentence alleging:
(1) The trial court erred by considering in his sentence a crime charged to the defendant (attempted forcible rape) but to which the defendant had not plead and had not been found guilty; and
(2) The trial court erred in sentencing the defendant to twelve years at hard labor inasmuch as this sentence was excessive.
ASSIGNMENT OF ERROR NUMBER 1
The defendant counsel contends that the trial judge committed error in sentencing by considering that defendant had been charged with attempted forcible rape for which he was not convicted.
The Louisiana Supreme Court considered this issue in State v. Washington, 414 So.2d 313 (La.1982), and in State v. Williams, 412 So.2d 1327 (La.1982). The Washington panel stated:
“The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under art. 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982).”
Particularly of interest is a footnote in State v. Williams, supra, in which the Supreme Court stated:
“Both arrests and convictions may be considered in imposing sentence, as long as defendant, as here, is given notice of the derogatory information and is afforded a chance to speak in mitigation.”
In this case defendant was apprised of this information at the sentencing and he failed to respond.
ASSIGNMENT OF ERROR NUMBER 2
The defendant was sentenced to a term of imprisonment of twelve years at hard labor. The maximum sentence for the commission of this crime is forty years at hard labor. The defendant alleges that, considering his age, prior record, and lack of serious or permanent harm to the victim, that the sentence is excessive.
There are several factors which are useful in determining whether the sentence by its excessive severity or length is greatly disproportionate to the underlying offense. Some of these factors are the nature of the offense and the offender (i.e., the harm caused or threatened to the victim as well as the culpability and character of the offender) and the sentences imposed for the commission of the same crime in other jurisdictions. State v. Telsee, 425 So.2d 1251 (La.1983). In Telsee, the Supreme Court, in reviewing the sentences imposed in forcible rape cases, made the following observations:
“Generally, a survey of sentences for forcible rape which have been reviewed or noted by this court reflect a range of sentence from ten years at hard labor to twenty-five years at hard labor, with parole excluded for periods of two to eight years.”
Considering the above factors we find that, in this case, a twelve year sentence at hard labor was not an abuse of the trial court’s discretion under the instant facts. His reasons are as follows:
*571 “Very well. It’s obvious, of course, that the defendant’s conduct in this ease caused serious harm and threatened even more serious harm. The defendant certainly knew his actions were wrong and likely contemplated harm in his conduct. Unless his drunken and drugged condition was such as to prevent him considering the harm. Provocation is not a factor in an offense of this sort, but, if so, nothing has come to my attention which would indicate that there was provocation involved in this matter. Although, his drunken and drugged condition must be considered, it is not felt that such neither excuses nor justifies the defendant’s conduct in this particular case. Nor, can it be said that the victim in this • matter induced or facilitated the commission of the crime. It’s true the victim may have been scantily clad when she answered the door. It’s likewise disclosed in the defendant’s own statements as related to her that her husband was working and was expected to return home at any moment and that she really anticipated that this was her husband at the door. It’s true that the victim submitted to the defendant, but, she did so only after her life had already been threatened. Compensation is not a factor in a case of this sort. I will observe that it is in the defendant’s favor that he had no prior criminal record of any moment. His only arrests had been for relatively minor traffic offenses up until the time this particular offense occurred. It cannot be said that there was anything unique, unusual or unlikely to recur in the circumstances which gave rise to this particular offense. Especially is this true when one considers his admission that he had previously considered rape without having acted. And, the additional fact that four months after the offense with which we are here concerned today, he attempted to rape a different victim. The character and attitudes of this defendant shed little light upon the probability of his committing such an offense again. He appears to have been furnished all necessities while growing up and to have received considerable religious training. His parents indicate he gave little trouble until late adolescence. Nevertheless; he became seriously involved with alcohol and drugs, illegal controlled dangerous substances of various kinds and ultimately with these sex oriented offenses. It is felt that he requires some treatment or he would likely revert to the same practices. He was, I will note, however, considered to be a good and reliable worker prior to these offenses. It’s also of some moment that he has been cooperative with the authorities in disclosing his source or sources of various drugs. However, considering the seriousness of the offense in this particular case, the necessity for some correctional treatment for this defendant, and, the mandatory imprisonment provision of the statute, this defendant is simply, not a candidate for probationary treatment.”
We find no factors which would support the imposition of a lesser sentence. We hold that the sentence is not excessive under these circumstances.
For these reasons,' the sentence is affirmed.
AFFIRMED.

. LSA-R.S. 14:42.1 provides:
"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”

. The penal clause of LSA-R.S. 14:42.1 provides:
“Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence."