WILLIAM A. CULPEPPER, Judge
(retired) Pro Tem.
Defendant, James McSweeney, pleaded guilty to two counts of middle grade theft of a value of $400.00 each, in violation of LSA-R.S. 14:67. Defendant was originally charged with distribution of marijuana, three counts of simple burglary, and three counts of theft. In accordance with a plea agreement, the State amended the charges to middle grade theft and defendant agreed to assist in the prosecution of another case. The defendant was sentenced to a term of two years at hard labor for each count, with the sentences to run consecutively. Defendant appeals, complaining that the sentence is excessive, which constitutes cruel and unusual punishment. We affirm.
Defendant contends that the trial judge placed undue emphasis on other offenses for which defendant was charged, but was not convicted, in determining his sentence. In State v. Dowden, 461 So.2d 569 (La.App. 3 Cir.1984), this court determined that a trial judge may consider a charge for which the defendant was not convicted in imposing sentence. It is a well established rule that prior criminal activity, which is not limited to convictions, is one of the factors under LSA-C.Cr.P. Art. 894.1 which may be considered by the trial judge in sentencing a defendant. State v. Washington, 414 So.2d 313 (La.1982); State v. Dew, 495 So.2d 418 (La.App. 3 Cir.1986); State v. Dowden, supra.
The transcript of sentencing reveals that the trial judge considered defendant’s plea bargain agreement in imposing sentence. It is proper to consider benefits of reduced penalty exposure received by defendant as a consequence of a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tedder, 471 So.2d 1176 (La.App. 3 Cir.1985).
The record reflects that the trial judge properly complied with Article 894.1. The court noted in particular the undue risk that defendant would commit another crime, based on the amount of criminal activity in which he participated over an extended period of time. The court also noted defendant’s inconsistent work record and his poor behavior in school. To comply with Article 894.1, the record must reflect that the judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Brumfield, 496 So.2d 425 (La.App. 4 Cir.1986). Our review of the sentencing hearing reveals that the trial court adequately complied with the requirements of Article 894.1, and gave proper consideration to the factors to be considered under that article.
We are also of the opinion that the trial court did not abuse its broad sentencing discretion in imposing a total term of four years at hard labor. All factors articulated by the trial judge indicate that the sentence was appropriate for the defendant.
For the foregoing reasons, the sentence of the defendant is affirmed.
AFFIRMED.