787 So.2d 604 (2001)
STATE of Louisiana
v.
Gainey Ray HYMES.
No. 01-0089.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*605 William E. Tilley, District Attorney-30th JDC, Leesville, LA, Counsel for Plaintiff/Appellee State of Louisiana.
Terry Wayne Lambright, Dowden, Hicks & Lambright, Leesville, LA, Counsel for Plaintiff/Appellee State of Louisiana.
John K. (Mike) Anderson, Attorney at Law, Leesville, LA, Counsel for Defendant/Appellant Gainey Ray Hymes.
Court composed of OSWALD A. DECUIR, MARC T. AMY, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the Defendant, Gainey Ray Hymes, III, appeals his sentence of three years at hard labor to run consecutive with any other sentence he may be serving for his conviction of possession of marijuana in a penal institution. For the following reasons, we affirm.

FACTS
On February 19, 2000, Defendant was found in possession of marijuana pursuant to a search by prison officials. At the time of the offense, he was incarcerated in a parish correctional facility. Defendant was charged with and subsequently pled guilty to possession of marijuana in a penal institution in violation of La.R.S. 14:402(B) and (D)(1). He was then sentenced to three years at hard labor to run consecutive to his other sentences. Thereafter, Defendant filed a motion to reconsider sentence which was denied by the trial court.

EXCESSIVE SENTENCE
In Defendant's sole assignment of error, he complains that the trial court failed to articulate the factors it considered in determining his sentence as required under La.Code Crim.P. art. 894.1, and that his sentence is unconstitutionally excessive.
Defendant did not file a written memorandum in support of his motion to reconsider sentence and his motion to reconsider sentence did not set forth any specific grounds to support his claim that his sentence is excessive. Thus, we shall only consider a bare claim of excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993), after remand, 626 So.2d 856 (La. App. 2 Cir.1993), writ denied, 93-2933 (La.2/11/94); 634 So.2d 373. In determining whether a sentence is unconstitutionally excessive, we apply the following standard:
La. Const. art. I, § 20 ensures that "[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065 citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
State v. Blackmon, 99-391, p. 5 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, 53, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174.
In State v. Cook, 95-2784, p. 3 (La.5/31/96); 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the Louisiana Supreme Court held:

*606 The only relevant question on review, however, was "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984) (citing State v. Williams, 412 So.2d 1327 (La.1982)).
In the present case, Defendant pled guilty to possession of marijuana on the premises of a penal institution in violation of La.R.S. 14:402(B) and (D)(1), which carries a sentence of imprisonment with or without hard labor for not more than five years. Defendant was sentenced to three years at hard labor, with credit for time served. He urged the trial court to allow his sentence to run concurrent to the term he was serving at the time of this offense. However, the trial court ruled that his sentence was to run consecutively to all sentences he was currently serving.
In determining an appropriate sentence for Defendant, the record in this case shows that the trial court reviewed his presentencing investigation report from a prior offense. Specifically, the trial court considered Defendant's past convictions and determined that imposing a lesser or concurrent sentence would deprecate the seriousness of this offense.[1] Moreover, the trial court considered that Defendant was in possession of an illegal substance and found that there was a risk that he would continue to commit crimes if he was given probation or a suspended sentence. In addition, the trial court considered that the co-defendant in this case did not receive a concurrent sentence and, therefore, ruled that Defendant's sentence should also run consecutively.
In State v. McNeil, 534 So.2d 68 (La. App. 3 Cir.1988), this court affirmed the defendant's sentence of two and one-half years in the parish jail for his conviction of an attempted violation of La.R.S. 14:402. The sentence imposed on Defendant is in line with sentences imposed in cases that are factually similar to the case at bar, does not inflict needless pain and suffering, nor does it shock our sense of justice. Therefore, we find that the trial court did not abuse its broad sentencing discretion, that Defendant's sentence is not excessive, and that this assignment of error is without merit.

CONCLUSION
Defendant's sentence of three years at hard labor to run consecutive with any other sentence he is now serving is affirmed.
AFFIRMED.
NOTES
[1] Although the trial court did not detail Defendant's prior record, based upon the bill of information filed in this matter, it is evident Defendant has a prior conviction for possession of cocaine and was subject to the enhancement provisions of La.R.S. 40:982.