403 So.2d 673 (1981)
STATE of Louisiana
v.
William P. BOWICK.
No. 80-KA-2793.
Supreme Court of Louisiana.
September 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Clarence McManus, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert T. Garrity, Jr., and Joseph L. Montgomery, Metairie, of Indigent Defender Board, for defendant-appellant.
*674 LEMMON, Justice.[*]
In this appeal defendant questions the validity of his guilty plea and the excessiveness of the sentence.
Defendant was originally charged with armed robbery.[1] After a preliminary examination and plea discussions, in which defendant was represented by counsel whose competency has not been challenged, he entered a guilty plea to the reduced charge of attempted armed robbery. The trial judge, following a presentence investigation, sentenced defendant to serve seven years, recommending that defendant be placed in a drug rehabilitation program.[2]
Defendant first contends that his guilty plea and sentence must be set aside because the trial court failed to advise him fully of his privilege against self incrimination before accepting his plea.
At the time of his plea defendant was 21 years old, had completed tenth grade, and had obtained a graduate equivalency diploma in military service. In a written waiver form signed at the entry of the guilty plea defendant acknowledged that his attorney had previously advised him of his privilege against self incrimination.[3] He also acknowledged that his lawyer had explained he was giving up that right by pleading guilty and was admitting his crime.
Further, the trial court carefully reviewed those matters with defendant in a colloquy on the record. The judge made sure that defendant understood that by pleading guilty he was giving up his right to have a jury decide his guilt, his right to confront his accusers, his privilege against self incrimination, and his right to present evidence on his own behalf. Defendant unreservedly responded in an affirmative manner, clearly revealing an awareness of the rights being relinquished by his plea. The trial court also made sure defendant understood that by pleading without reservation he was giving up his right to contest such matters as the seizure of evidence by the police.[4] The judge also carefully explained the possible sentence to which defendant was exposed and carefully determined that no promises had been made regarding the sentence to be imposed.
Defendant challenges the sufficiency of the trial court's explanation of the privilege against self incrimination solely because the judge did not mention defendant's right to remain silent during the trial.
Safeguards have been developed, both jurisprudentially and legislatively, in order to assure knowledgeable and voluntary guilty pleas and to provide a record which will establish the validity of the plea without the necessity of a subsequent evidentiary hearing. See State ex rel Jackson v. *675 Henderson, above; Fed.R.Cr.P. 11. The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), simply required a record of sufficient completeness for the state to carry its burden of proving the validity of the plea in a post-conviction attack. The Boykin decision, however, did not set forth a rule of procedure or a magic word formula, but simply rejected any presumption of the validity of a guilty plea. McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974).
We nevertheless responded by requiring the state to show that defendant was advised and understood before entering his plea that, by pleading guilty, he was giving up his right to trial by jury, his right to confront his accusers, and his privilege against self incrimination. State ex rel Jackson v. Henderson, above. One purpose of the Jackson three-right articulation rule was to provide an adequate record of the plea, thereby avoiding the necessity of a later evidentiary determination. Another related purpose was to add a measure of finality to guilty pleas by setting forth prophylactic procedures designed to eliminate postplea attacks. The rule was not designed, however, to serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea, as did the trial judge in this case.
The colloquy of defendant's plea reveals his awareness of the rights he was waiving. The trial court's failure to advise defendant expressly that his privilege against self incrimination applied to the trial as well as to the plea (a rather obvious matter of which defendant was possibly aware as a result of his trial counsel's advice) was not fatal to his plea.[5]
A more substantial problem is raised by the contention that the record does not establish defendant knew or was advised of the elements of the offense to which he pleaded guilty.[6] Fatal to this contention, however, is defendant's failure to establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading.
In Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) defendant pleaded guilty to a reduced homicide charge, all the while professing his lack of intent to harm the murder victim. The second degree murder charge to which Morgan entered his plea required proof of intent to kill. In challenging the plea, defendant established to the satisfaction of the district court that he had not been advised at any time by either the trial court or by his counsel (and hence was unaware) that intent to cause death was an element of the offense of second degree murder to which he was pleading guilty.
Here, although the trial court did not enumerate the elements required to prove *676 guilt, defendant had previously been arraigned on a bill of information charging a $1,500 robbery of two named persons with a pistol.[7] Further, a preliminary examination had been held, at which evidence of the robbery had apparently been presented. Then at the plea defendant and his attorney both represented to the trial court that defense counsel had explained and that defendant understood the nature of the crime to which he was pleading. Under these circumstances, the trial court did not err in accepting the guilty plea.
Defendant's contentions regarding the sentence are that the trial court failed to comply with C.Cr.P. Art. 894.1's sentencing guidelines and imposed an excessive sentence. We have not remanded for compliance with C.Cr.P. Art. 894.1 when the sentence imposed was not "apparently severe". See State v. Jones, 381 So.2d 416 (La.1980), in which we affirmed a 15-year sentence for armed robbery. Defendant's seven-year sentence for attempted armed robbery also falls into the lower range and is not "apparently severe". This same reasoning disposes of defendant's contention that the sentence is excessive.
Accordingly, the conviction and sentence are affirmed.
WATSON, J., concurs in the result.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
NOTES
[*] Judges Frederick S. Ellis, Morris A. Lottinger, Jr. and Elven E. Ponder of the First Circuit Court of Appeal participated in this decision, joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] The bill of information duplicitously charged defendant in one count with the pistol robbery of two victims. Thus, defendant could possibly have been charged with two counts of armed robbery.
[2] Defendant objected to the sentence, although an objection was not necessary to preserve that issue for review. State v. Cox, 369 So.2d 118 (La.1979). No objection was raised during the proceedings leading to acceptance of the guilty plea. Nor did defendant move to withdraw the plea as unconstitutionally entered. See State ex rel Clark v. Marullo, 352 So.2d 223 (La. 1977). Although C.Cr.P. Art. 559 requires that a motion to withdraw a guilty plea be filed before sentence, we will nevertheless consider defendant's objection to the validity of his plea as properly raised, in order to avoid an application for postconviction relief raising the same grounds. See C.Cr.P. Art. 924 et seq.; State ex rel Clark v. Marullo, above. Compare State v. Williams, 327 So.2d 379 (La.1979); State v. Knighten, 320 So.2d 184 (La.1975).
[3] The written form may be helpful in assuring compliance with this court's three-right articulation rule announced in State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The written form should be used in addition to the trial court's on-the-record examination of defendant before the plea is accepted.
[4] Such advice is not required by our past decisions, but helps to assure an awareness of the consequences of the guilty plea. Under State v. Crosby, 338 So.2d 584 (La.1976) defendant must explicitly reserve his right to appeal adverse pretrial rulings.
[5] This is a case in which defendant was represented by one lawyer at his guilty plea and by another lawyer on appeal. All of the contentions raised regarding defendant's actual awareness and understanding of the rights being "waived" by his plea are in the form of allegations by appellate counsel and are unsupported by the record. We are not aware of any sworn testimony by the former defense counsel or by defendant himself concerning their conversations about the rights being waived by the guilty plea. Rather, appellate defense counsel would have this court add to its prophylactic Jackson rule. We decline to extend to expand the list of matters about which defendant must be "warned" by the trial court. It is sufficient in this case merely to point to compliance with Jackson and to the fact that the totality of circumstances surrounding the plea clearly reveal its voluntary and knowing nature.
[6] Again, defense counsel urges us to extend our Jackson rule to adopt a per se rule declaring invalid guilty pleas which are entered voluntarily upon advice of counsel (and upon both defendant's and counsel's representation that defendant was aware of the elements of the offense) because the judge himself failed to canvass the elements on the record with defendant. For an excellent discussion of the federal procedure (which requires such a procedure, as well as a factual basis) see United States v. Dayton, 604 F.2d 931 (5th Cir. 1979) (en banc), cert. denied, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). See also the recommended guilty plea procedure in the Louisiana Judges' Benchbook, Criminal Proceedings, Guilty Pleas, Louisiana Judicial College, 1980.
[7] The presentence investigation report included defendant's statement that he committed the robbery with a toy pistol. That assertion, however, does not appear anywhere in the record, and defendant did not assert in brief or argument that the "dangerous weapon" element of the offense was missing. See State v. Byrd, 385 So.2d 248 (La.1980); State v. Gould, 395 So.2d 647 (La.1981).