542 So.2d 631 (1989)
STATE of Louisiana
v.
Freddie ROSS.
Nos. 88-KA-881, 88-KA-882.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
*632 Bruce G. Whittaker, Staff Appellate Counsel, Gretna, for defendant-appellant.
W.J. LeBlanc, Dorothy Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for State.
Before BOWES, GAUDIN and GOTHARD, JJ.
BOWES, Judge.
The defendant, Freddie Ross, was convicted of armed robbery and originally sentenced on January 31, 1985 to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. Pursuant to the filing of a multiple bill by the State on March 11, 1985, the trial court, on April 29, 1985, enhanced the defendant's sentence to thirty-three and one-third years at hard labor. On appeal, this court affirmed the defendant's conviction and fifteen year sentence, but set aside the enhanced sentence after finding that the trial court lacked the jurisdiction to impose the enhanced sentence. State v. Ross, (Slip Opinion, 85-KA-270, La.App. 5 Cir., December 16, 1985Not Designated for Publication). Subsequently, on January 26, 1986, a second habitual offender bill was filed. This action resulted in the defendant's adjudication as a multiple offender on May 5, 1986. The defendant's fifteen year sentence was then set aside and he was resentenced to thirty-three years at hard labor.
Defendant presents two assignments of error:
1. The trial court erred in adjudging appellant a second offender in light of the state's unreasonable delay in charging him as a multiple offender.
2. The trial court erred in finding appellant to be a second felony offender where the evidence of the underlying conviction failed adequately to show that appellant was advised of his rights regarding the privilege against self-incrimination.
Assignment of Error Number One
The defendant argues that the delay in adjudging him a second felony offender is unreasonable and should serve to void the *633 trial court's verdict on the multiple offender bill.
LSA-R.S. 15:4291 D provides for the filing of a multiple bill: "If, at any time, either conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction...."
In State v. Broussard, 416 So.2d 109 (La.1982), the Supreme Court of Louisiana held that the district attorney must file an habitual offender bill within a "reasonable time" after the prosecution knows that a defendant has a prior felony record. The court reasoned that:
"The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed."
In the instant case, the defendant suggests that the multiple offender bill, filed almost twelve months after his original sentence, is untimely.
Under the circumstances here, we do not find an unreasonable delay in the institution of the multiple offender proceedings. This is the second multiple offender bill that was filed against the defendant. The original multiple bill filed against him was filed on March 11, 1985, only one and one-half months after the imposition of the defendant's original sentence, and the defendant was adjudicated a multiple offender. At that time, the defendant was resentenced accordingly shortly thereafter. It was the decision of this court dated 12/16/85 to vacate that sentence for lack of jurisdiction which necessitated the filing of a second multiple bill. This was done by the State on January 26, 1986, approximately one month later. Therefore, we find no unreasonable delay on the part of the State in the filing of either multiple bill against defendant.
Accordingly, this assignment of error lacks merit.
Assignment of Error Number Two
Defendant states that at the hearing on the multiple offender bill the State offered into evidence the entire record of case No. 82-4018, which contained the waiver of rights form and appellant's guilty plea colloquy. He argues that, according to the transcript, he was simply told that by pleading guilty he waived "the privilege against self-incrimination and the right to remain silent" and that he was not advised that he had the right to remain silent at trial.
To prove that a defendant is a habitual offender, the State must establish by competent evidence that there is a prior felony and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La. 1982); State v. Jones, 516 So.2d 396 (La. App. 5 Cir.1987). Where the prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, supra.
In Boykin, supra, the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: (1) the privilege against self-incrimination; (2) the right to a trial by jury; (3) and the right to confront one's accusers. The court also announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel. Jackson v. Henderson, 255 So.2d 85 (La. 1971) and held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In the present case, the State introduced evidence of a prior conviction for receiving stolen things (LSA-R.S. 14:69), and that the defendant was the same person who committed *634 the crime which was proven through fingerprint analysis.
The State introduced the record of the prior conviction of receiving stolen things to prove that the defendant had been properly Boykinized before he entered this plea of guilty. The colloquy of that conviction makes it unquestionably clear that the defendant was advised of his Boykin rights as follows:
You have the right to a jury trial, or you waive the jury trial and be tried by judge alone, which jury or judge may either find you guilty as charged, guilty of a lesser crime or not guilty. You have a right to hire an attorney of your choice to defend you at that trial. If you cannot afford an attorney, one will be appointed for you, which will cost you nothing. By entering this plea of guilty, you are waiving or giving up these rights. Do you understand that?
A. Yes sir.
Q. You have the privilege against self-incrimination and the right to remain silent. By entering this plea of guilty you are waiving or giving up these rights. Do you understand that?
A. Yes sir.
Q. Now, at any jury or judge trial, you have the right to confront your accusers, which means to face your accusers, in open court and you have the right to compel testimony on your behalf, which means to subpoena witnesses to testify for you. By entering this plea of guilty, you are waiving or giving up these rights. Do you understand that?
A. Yes sir.
In addition, the record of this prior conviction also contains a waiver of rights form as part of a guilty plea form, all signed by the defendant, his attorney and the trial judge, which shows without doubt that the defendant was advised of all his rights:
3. You have the right to a trial by jury, which jury may either find you guilty as charged, guilty of a lesser crime, or not guilty. You have the right to hire an attorney of your choice to defend you at that trial. If you cannot afford an attorney, one will be appointed for you, which will cost you nothing. By entering a plea of guilty, you are waiving or giving up these rights. Do you understand that?
Privilege against self incrimination. TCW [handwritten and initialed by the trial court]
4. At any jury trial, you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering this plea of guilty, you are waiving or giving up these rights. Do you understand that?
. . . . .
BY DEFENDANT'S ATTORNEY:
I, as attorney for the defendant, was present during the recitation of the foregoing colloquy between the defendant and the trial judge at the time of the defendant's plea of guilty.
I, also, have informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty, the maximum sentence the court could impose under the law, and the fact that the defendant, by entering this plea of guilty, is waiving his or her right to trial by jury, his or her right to confront his accusers, his or her right against self-incrimination, and, lastly, that his or her only appeal is for review of jurisdictional defects; and I an entirely satisfied that the defendant knowingly, willingly, intelligently and voluntarily has entered this plea of guilty knowing the consequences. (Emphasis added)
 s/ Calvin Fleming
 Attorney
BY THE DEFENDANT:
I, as the defendant in this case, acknowledge that the foregoing has been read to me, that my attorney and the trial judge have explained the nature of the crime to which I am pleading guilty, all of my rights to me, and what rights I am waiving or giving up, as listed above, and that I have been given every opportunity by the trial judge to ask questions in open court about anything I do not understand and about all of the consequences regarding my plea of guilty. I *635 am completely satisfied with the explanations of my attorney and the judge.
I FURTHER ACKNOWLEDGE THAT MY ACT OF PLEADING GUILTY IS A KNOWING, INTELLIGENT, FREE AND VOLUNTARY ACT ON MY PART. I know that no one can force me to plead guilty. I know that by pleading guilty I admit I committed the said crime. I know this plea of guilty is more than a confession. It is also a conviction. Nothing remains except for the judge to give judgment and give me my punishment.
 s/ Freddie Ross
 DEFENDANT
The defendant contends that the above-cited exhibits are not sufficient to prove a voluntary waiver of the defendant's right against self-incrimination as it does not adequately explain the defendant's right to remain silent.
Conversely, we find that the exhibits shown above do, in fact, reveal that defendant's plea clearly shows his complete awareness of the rights he was waiving, including the right to remain silent.
In State v. Bowick, 403 So.2d 673 (La. 1981), the Supreme Court of Louisiana addressed the same argument raised in this assignment of error. The court held:
The trial court's failure to advise defendant expressly that his privilege against self incrimination applied to the trial as well as to the plea (a rather obvious matter of which defendant was possibly aware as a result of his trial counsel's advice) was not fatal to his plea. (footnote omitted).
The defendant cites and relies on State v. Age, on rehearing 417 So.2d 1183 (La.1981); State v. Robicheaux, 412 So.2d 1313 (La. 1982) and State v. Martin, 382 So.2d 933 (La.1980), overruled on other grounds; State v. Williams, 392 So.2d 448 (La.1980), in an attempt to distinguish his case from that of State v. Bowick, supra.
In both the Robicheaux and Martin cases, the trial court explained the defendant's right to remain silent stating that, by pleading guilty, the defendant was giving up his right to remain silent because he was not remaining silent if he pled guilty. It was the opinion of the Supreme Court that this particular language did not explain to the defendant that he could remain silent at trial. The Robicheaux court also noted that the waiver of rights form signed by the defendant in that case did not mention the right against self-incrimination. The Age court cited Martin and Robicheaux in holding the language was insufficient when the defendant was not informed that by pleading guilty he waives his right against self-incrimination. Bowick, supra, was not discussed.
In our opinion, the case before us is factually more similar to State v. Bowick, supra, and find, therefore, that the defendant was adequately advised of his right to remain silent in the previous plea of guilty and it could be used as a basis for adjudicating the defendant a multiple offender in this case. This assignment lacks merit.
Accordingly, for the foregoing reasons, the defendant's conviction as a multiple offender pursuant to LSA-R.S. 15:529.1 is affirmed.
AFFIRMED.