PER CURIAM.
The defendant, David F. Wientjes, was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966A(1). The defendant entered a plea of nolo contendere and was sentenced to seven years at hard labor. On appeal, the defendant asserts two assignments of error. Defendant argues that his plea is invalid as the trial court did not inform him that, as a third felony offender, he was ineligible for probation or parole. He also argues that the seven-year hard labor sentence is excessive. Finding neither of the assignments of error to have merit, we affirm.
On October 16,1989, agents of the federal Bureau of Alcohol, Tobacco, and Firearms, accompanied by Shreveport Police officers, executed a search warrant at the defendant’s residence. The officers discovered and seized approximately one and one-half pounds of marijuana, a set of scales, plastic bags, 13 firearms, and assorted ammunition. Defendant was charged with possession of marijuana with intent to distribute. The defendant entered a plea of nolo contendere, claiming that the marijuana was for his personal use. He explained that he would nevertheless enter the plea on the possession with intent to distribute charge in the hope that he might avoid federal weapons charges.
By his first assignment of error, the defendant claims that his nolo contendere plea is invalid as he was not first informed of his ineligibility for probation or parole. We note at the outset that, for our purposes, the requirements for and the consequences of this plea of nolo contendere are the same as had the defendant entered a plea of guilty. LSA-C.Cr.P. Art. 552(4); *690 State v. Young, 535 So.2d 1150 (La.App. 2d Cir.1988).
To insure that a guilty plea is knowingly and voluntarily entered, the defendant must be advised of the constitutional rights he is thereby waiving: (1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the right to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Additionally, the defendant must be informed of the possible range of sentences for the offense to which he is pleading guilty. State ex rel. Turner v. Maggio, 463 So.2d 1304 (La.1985); State v. Young, supra. This latter requirement has been extended so that, additionally, if the statute under which the defendant is pleading guilty provides that the sentence is to be served without benefit of parole, probation, or suspension of sentence, the defendant must be so informed. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Williams, 554 So.2d 139 (La.App.2d Cir.1989); State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987).
In the instant case, there is no dispute that the defendant was adequately advised of the constitutional rights he was waiving and the statutory range of sentence for possession of marijuana with intent to distribute. Nor does LSA-R.S. 40:966B(2), containing the penalty for possession of marijuana with intent to distribute, provide that the sentence is to be served without benefit of parole, probation, or suspension of sentence. Nevertheless, the defendant seeks an extension of the existing jurisprudence. The defendant claims that, although his ineligibility for parole and probation was due to his third felony offender status, LSA-R.S. 15:574.4A(1) and LSA-C.Cr.P. Art. 893, rather than as a direct result of the statutory penalty for his offense, he should have been so informed prior to the entry of his plea.
An excellent discussion of the requirements for a valid guilty plea and the rationale behind those requirements is found in State v. Smith, supra. In that case it was found that the defendant’s guilty pleas to charges of armed robbery and aggravated rape were invalid where he was not informed that, pursuant to the criminal statutes at issue, his sentences would necessarily be without benefit of parole, probation, or suspension of sentence. A distinction was noted between direct and collateral consequences of a guilty plea. In explaining that a defendant must be informed only of the direct consequences of his guilty plea, the court noted:
In this case, the sentencing exposure to which the defendant subjected himself upon his pleas of guilty was a direct, rather than a collateral, consequence of those pleas. Pursuant to the penalty provisions of the statutes under which the defendant plead guilty, LSA-R.S. 14:42 (Aggravated Rape) and LSA-R.S. 14:64 (Armed Robbery), the legislative mandate that the sentences be served without benefit of probation, parole or suspension of sentence is as much a part of the sentence as the length of time the court may order the defendant to serve, whether in years or mandatorily for life. The ineligibility for parole, probation or suspension of sentence are parts of the penalty for each crime charged in this case and, as a direct consequence of the plea, the defendant should be fully informed of the exposure before the plea is accepted.
State v. Smith, supra, at 548-9.
The court was careful to note:
The decision in the instant case does not apply to situations where pleas of guilty are entered pursuant to criminal statutes which do not provide for mandatory sentences and where there are a myriad of collateral and indirect consequences resulting from guilty pleas under those discretionary sentencing statutes, such as sentence enhancement or other factors which may affect parole eligibility.
State v. Smith, supra, at 549, n. 3.
The jurisprudence of this state has never extended Boykin to require that the defendant be advised of all possible collateral consequences of his actions. For example, *691 it is not necessary that a defendant be informed that his guilty plea may be used for the filing of a future multiple offender bill. State v. Nuccio, 454 So.2d 93 (La.1984). Nor must the trial court inform a defendant that his guilty plea may be used to enhance the penalty for future convictions for the same offense (e.g., DWI). State v. Myers, 503 So.2d 1085 (La.App. 2d Cir.1987).
In the instant case, the defendant’s ineligibility for parole and probation may be an immediate, but is not a direct, consequence of his guilty plea. By pleading guilty, the defendant has only directly exposed himself to the penalty set out in LSA-R.S. 40:966B(2). His ineligibility for parole and probation stems from the instant conviction only when considered in conjunction with his two prior felonies. It is therefore a collateral consequence of the instant plea and there was no requirement that the trial court inform the defendant of his parole and probation ineligibility prior to accepting his plea.
Our holding is supported by the decision in State v. Malmay, 548 So.2d 71 (La.App. 3rd Cir.1989). In that case, the defendant pled guilty to his third felony, making him ineligible for probation under LSA-C.Cr.P. Art. 893. On appeal, he argued that his plea was not knowingly and voluntarily entered because both the defendant and his counsel were under the mistaken impression that suspension of sentence was possible. The appellate court held that such a misunderstanding regarding sentence will not render a guilty plea invalid where the misunderstanding was not induced by any statements or actions by either the trial court or the prosecutor. Implicit in such a holding is the conclusion that it was unnecessary for the trial court to inform the defendant of his ineligibility for probation prior to accepting his guilty plea.
We also find no merit in the defendant’s remaining assignment of error regarding his seven-year hard labor sentence. The trial court clearly complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, considering both aggravating and mitigating circumstances. In mitigation, the court noted that it had received many letters and telephone calls attesting to the defendant’s good character and pleading for leniency on his behalf. The letters have been made a part of the appellate record and reflect the opinion of numerous people that the defendant is a kind, compassionate man. He is an active teacher of martial arts, who works especially well with young people, helping them in both the martial arts and ballet. The letters also reflect that the defendant is concerned with his family and helps support his mother and his brother.
The trial court also considered a pre-sentence investigation report (PSI). The PSI reflects that the defendant dropped out of high school after completing the 10th grade, but later received his GED. He later attended college for six semesters. The defendant was also a member of the United States Army and was honorably discharged.
As aggravating factors, the defendant is a third felony offender. In 1972, the defendant pled guilty to two counts of attempted simple burglary, received consecutive 30-month sentences which were suspended, and he was placed on five years probation. In 1975, the defendant pled guilty to one count of distribution of marijuana and was sentenced to three years at hard labor. This offense also resulted in his earlier probation being revoked. The trial court did note that these prior felonies both occurred over 15 years ago. On two separate occasions in 1985, the defendant was convicted on misdemeanor counts of shooting migratory game birds, on one conviction, after hours, and on the other, out of season. We also note that these hunting offenses imply that he was in possession of firearms, which, as a convicted felon, the defendant could not possess. Finally, the defendant has an admitted problem with marijuana abuse and, at age 36 at the time of this offense, the defendant was not a youthful offender and should have known better than to involve himself in these illegal activities.
Finally, the facts of the instant offense are serious. Although the defendant *692 claimed he had the marijuana for his own personal use, he was nevertheless in possession of one and one-half pounds of the substance. Statements made by the defendant to law enforcement officials also indicate that he cultivates marijuana, although he refused to divulge the location. The defendant was also in possession of a small arsenal of firearms at the time of his arrest.
The defendant’s seven-year hard labor sentence is only two years longer than the minimum which could have been imposed and is a clear indication that the trial court considered and was influenced by the numerous mitigating factors present in this case. In light of the defendant’s third felony offender status and the seriousness of the instant offense, the seven-year hard labor sentence is clearly not an abuse of discretion and is not excessive.
Accordingly, for the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.