VICTORY, Judge.
Defendant, Jerry Wiley, was convicted of distribution of cocaine and now assigns as error the excessiveness of his sentence. Specifically, Wiley claims that he should not have to pay $2,000 to the Indigent Defender Board. Finding no merit in Wiley’s claim, we affirm.
FACTS
Wiley was charged with three counts of distribution of cocaine. Pursuant to a sentence bargain agreement, the state dropped the third count in exchange for Wiley’s pleas of nolo contendere to the first two counts. The parties agreed Wiley was to be given a suspended sentence of five years at hard labor on each count, to be served concurrently, and was placed on five years supervised probation. In addition to a $3,000 fine, defendant agreed to pay $2,000 to the local Indigent Defender Board as a special condition of probation.
DISCUSSION
Wiley claims that he should not have to pay the $2,000 to the Indigent Defender Board because he was not represented by an indigent defender. He argues that he was misled into believing he only had to pay the $3,000 fine since he was represented by retained counsel. The record does not support Wiley’s contention.
LSA-C.Cr.P. Art. 895.1(B)(1) authorizes a court to impose, as a special condition of probation, the payment of money to the indigent defender program for that court. This article does not state that the defendant must be represented by an indigent defender for this condition to be applicable, and defendant has cited no jurisprudence indicating such a requirement.
The guilty plea colloquy between the sentencing judge and Wiley clearly reveals that Wiley understood he was to pay $2,000 to the Indigent Defender Board:
COURT: Now, Mr. Wiley, do you understand that at this point when you change your prior plea of not guilty that you will be sentenced as follows:
DEFENDANT: Yes, I do.
* * * * * *
COURT: And that you’ll be sentenced to pay a fine of $3,000 and all cost [sic] of these proceedings?
DEFENDANT: Yes, ma’am.
[[Image here]]
COURT: And some of the special conditions of that probation would be that you would pay the sum of $2,000 to the Indigent Defender Board of the Judicial District?
DEFENDANT: I understand that.
(Page 6, supplement trial transcript)
Clearly, Wiley was not misled to believe that he was only to pay a $3,000 fine. According to his response, he understood he also had to pay $2,000 to the Indigent Defender Board. The record clearly reveals that Wiley understood and accepted the terms of his agreed sentence, including the $2,000 payment. Further, an agreed sentence is not reviewable on appeal for excessiveness. State v. Curry, 400 So.2d 614 (La.1981); State v. Hicks, 403 So.2d 676 (La.1981).
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.