| iBROWN, Judge.
On January 19, 1993, defendant, Genie Robinson, was arrested after selling crack cocaine for $50 to a confidential informant working for the Richland Parish Sheriffs Office. Thereafter, defendant was charged with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967(A). On September 10,1993, defendant pled guilty to a reduced charge of simple possession of cocaine and was sentenced as a second felony offender to three years at hard labor. In an out-of-time appeal, defendant argues that her guilty plea was involuntary. We affirm.

Discussion

Defendant argues that her guilty plea should be set aside because the trial court erred in its Boykinization to such an extent that her guilty plea was not knowingly and intelligently entered. Defendant asserts that the trial court failed to advise her that she could be tried by judge alone; she had the right to compulsory process; the state had the burden of proof; she was not required to prove anything; and, by pleading guilty, she was incriminating herself.
A plea of guilty is not just a confession, it is also a conviction supplying both the evidence and verdict. Like a confession, a guilty plea is acceptable only when the trial court has determined that the defendant has been apprised of and has decided to voluntarily waive her constitutional rights. State v. Bradford, 627 So.2d 781 (La.App. 2d Cir. 1993), writ denied, 94-0006 (La. 04/22/94), 637 So.2d 154.
The U.S. Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that the voluntariness of a guilty plea cannot be presumed but must be shown from the record. A decision to plead guilty will not be considered free and voluntary unless the face of the record shows that a defendant expressly and knowingly waives the right to jury trial, the right to Igconfront her accusers and the right against compulsory incrimination. See also State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
As noted by our supreme court in State v. Nuccio, 454 So.2d 93 (La.1984), the enumeration of rights other than the three specifically listed in Boykin is not required.
Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. Its scope has not been expanded to include advising defendant of any other rights which he may have, nor of the possible consequences of his actions. Our jurisprudence has never required that a defendant be informed that his guilty plea — his conviction — may be used as a basis for filing of a future multiple offender bill. For the most part, our application of Boykin has been with few exceptions or expansions.
Nuccio, supra, at 104.
When the record establishes that a defendant was informed of and waived the privilege against self-incrimination, rights to confrontation and trial by jury, the burden then shifts to the defendant to prove that in spite of the record, her guilty plea was infirm. Bradford, supra.
The record reveals that the trial court engaged defendant in a colloquy during which it determined she was 51 years old, had graduated from high school, had attended cosmetology school and had been driving a “transportation vehicle” for the past 18 months. Defendant further stated that she had not taken any alcohol, drugs or medication that would impair her decision to plead guilty. She informed the court that she had discussed her ease with counsel, who was present at the guilty plea, and that she was satisfied with his representation.
The record shows that the trial court advised defendant of her rights to a jury trial, to confront and cross-examine the witnesses against her and that she could not be compelled to testify against herself. Additionally, the trial court informed defendant that the state had the burden of proving her guilt beyond a treasonable doubt. Defendant stated that she understood the rights she was waiving by pleading guilty. Defendant’s counsel told the court that he was satisfied *352 that defendant’s constitutional rights had been explained and waived and that her plea was entered into freely, voluntarily and with an understanding of its consequences.
Defendant also argues that the trial court erred in stating that her sentence could range from probation to five years imprisonment (defendant’s status as a second felony offender rendered her ineligible for probation) and in failing to tell her that she could be' subject to a fine.
In the instant case, the trial court advised defendant of the maximum penalty and informed her of the possibility of a probated sentence. The court went on, however, to tell defendant that a pre-sentence investigation would be conducted and that her sentence would reflect consideration of the P.S.I. and the sentencing guidelines.
In State v. Wientjes, 586 So.2d 688 (La. App. 2d Cir.1991), writ denied, 590 So.2d 1199 (La.1992), this court noted that Boykin has not been extended to require that a defendant be advised of all possible collateral consequences of his actions. The defendant in Wientjes complained that his guilty plea was invalid because the court failed to advise him that he was ineligible for parole and probation. The appellate court disagreed, noting that defendant’s ineligibility was based on his status as a third felony offender and refused to set aside his guilty plea. Wientjes, swpra at 691.
The record does not show that defendant’s guilty plea was based upon the possibility of receiving a probated sentence. As for defendant’s claim that the trial court erred in failing to tell her that she could be subject to a fine, we note that no fine was imposed in this case.
^JjAfter reviewing the record, we find that defendant was fully informed of the consequences of her guilty plea and that her plea was knowingly and voluntarily entered.
We note that the trial court did not inform defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. Art. 930.8. The district court is directed to give defendant written notice of the prescriptive period within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are affirmed.
AFFIRMED.