Dear Sirs:
This office is in receipt of your request for an opinion of the Attorney General in regard to assessment of fees on criminal defendants under R.S. 16:16 and R.S. 16:16.1. You indicate there is some controversy when and under what conditions fees should be imposed under either or both of these statutes.
You ask under these two statutes how fees should be imposed in the following instances:
 1) If a defendant is found guilty;
 2) If a defendant pleads guilty;
 3) If a defendant's bond is ordered forfeited, but no judgment of bond forfeiture has been rendered, but the order of forfeiture is later recalled or the judgment of forfeiture is vacated.
You also ask whether it is possible that R.S. 16:16 was invalidated by the passing of R.S. 16:16.1
The statutes in question provide as follows:
 R.S. 16:16 "Additional court costs to defray expenses"
 A. In all criminal cases over which the district attorney's office has jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or after he pleads guilty or who forfeits his bond a non refundable sum of ten dollars, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed.
 R.S. 16:16.1 "Costs for prosecution expenses"
 In all criminal cases, over which the district attorney's office has jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or who pleads guilty or nolo contendere or against whom a judgment of bond forfeiture has been rendered, a nonrefundable sum of ten dollars in each case, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed. The sums collected under this Section shall be remitted monthly by the clerk's office to the office of the district attorney of the judicial district to be used in defraying expenses of his office.
In response to your questions, we find it is significant that R.S.16:16.1 specifically calls for taxing as cost in the enumerated situation a fee of ten dollars "in addition to all other fines, costs, or forfeitures lawfully imposed." With this observation in mind in answer to your first inquiry, we note under both R.S.16:16 and R.S. 16:16.1 that a fee of ten dollars is to be imposed against "every defendant who is convicted after trial." Therefore, for a defendant found guilty there would be a total of twenty dollars taxed as costs in accordance with both of these statutes.
R.S. 16:16 mandates there shall be taxed as costs against every defendant "after he pleads guilty" a sum of ten dollars; and under R.S. 16:16.1 there shall be taxed as costs against every defendant "who pleads guilty" a sum of ten dollars. Thus, there would be a total of twenty dollars taxed if a defendant pleads guilty.
In regard to your question on costs when a defendant pleads nolo contendere, while R.S. 16:16 does not specify that the sum of ten dollars for costs would apply to such a plea as is in R.S.16:16.1, R.S. 16:16 does provide the fee shall be taxed against every defendant "convicted after trial or after he pleads guilty." Under the jurisprudence this consequences of a plea of nolo contendere are the same as an admission of guilty except for being unavailable as an admission of guilt in a civil trial. State v.Cook, 664 So.2d 489 (La.App 2 Cir 1995), State v. Wientjes,586 So.2d 688, (La.App 2 Cir. 1991). Moreover, C.Cr.P. Art. 552
provides in pertinent part as follows:
 * * * A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses, and shall be a conviction for purposes of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles.
Accordingly, we would conclude, despite the fact that R.S. 16:16
does not specify that the ten dollar cost would apply to a plea of nolo contendere, that it is considered an admission of guilt with the same consequences as a guilty plea, and would require the ten dollar costs under both R.S. 16:16 and R.S. 16:16.1.
You also question what fees should be imposed if a defendant's bond is ordered forfeited but no judgment of bond forfeiture is signed. To this question we note that R.S. 16:16 provides that a cost of ten dollars be taxed against every defendant "who forfeits his bond", whereas R.S. 16:16.1 additionally provides the taxing of cost against a defendant "against whom a judgment of bond forfeiture has been rendered." However, we find in either case this should be at the same time, and reach this conclusion under the provisions of R.S. 15:85 which provides in part if "thedefendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing proper evidence * * * shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing theforfeiture of the bond * * *." (Emphasis added.) We do not find that the statute demands the judgment be signed, but that the oral order decreeing forfeiture is sufficient to mandate that imposition of the ten dollar fee.
With respect to your question as to what fees should be imposed when a defendant's bond that was ordered forfeited or judgment of forfeiture that was rendered is later recalled, we find that this office has stated that a judgment becomes final at the time the judge renders the bail bond forfeiture, although its collectability may be some time in the future. Atty. Gen. Op. 93-449. It is pertinent that when the defendant fails to appear, the bond forfeiture order does not occur without a motion by the prosecuting attorney and a hearing on proper evidence in R.S.16:16 and R.S. 16:16.1 that every defendant who forfeits his bond shall be taxed a "non refundable" sum of ten dollars.
In regard to your final question which asks whether R.S. 16:16 was invalidated by the passing of R.S. 16:16.1, it is well recognized that all statutory provisions are to be given effect whenever possible since repeal of a statute by implication is not favored, and will not be indulged if there is any other reasonable construction. We do not find that R.S. 16:16.1 repealed or invalidated R.S. 16:16, but was to provide further costs for the district attorney's prosecution expenses as indicated in the title to Act 1443 of 1997. Moreover, this office has previously recognized both R.S. 16:16 and R.S. 16:16.1 as sources of funds to be collected for the district attorney over which he is vested with broad discretion in determining the purpose for which they may be expended. Atty. Gen. Op. 99-10.
Having found that the fees under R.S. 16:16.1 were to provide another source of funds for the district attorney to defray expenses of his office, it must be concluded the ten dollar fee therein is additional to the ten dollars for conviction after trial, pleas of guilty or nolo contendere, or at the time of an order of bond forfeiture.
We hope this is of assistance in resolving the controversy as to when and under what conditions fees should be imposed under the statutes in question.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI:BBR/mjb